# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____

Robert Stephen Kramer, Individually and
On Behalf of All Others Similarly Situated,

    Plaintiffs,

        v.

ALTERRA MOUNTAIN COMPANY and
IKON PASS INC.,

    Defendants.

**DEMAND FOR JURY TRIAL**

---

## CLASS ACTION COMPLAINT

---

### Introduction

1. Ikon season ski passes are sold by Defendants Alterra Mountain Company and its fully-owned subsidiary Ikon Pass Inc. Ikon passes entitle purchasers to: "unlimited access" at listed ski resorts in Colorado (e.g., Winter Park), California (e.g., Mammoth Mountain), and throughout the United States and Canada; limited access (i.e., a set number of days) of skiing at additional ski resorts; and other associated benefits. These promised benefits last throughout the entire ski season.

2. Plaintiff Mr. Kramer and hundreds of thousands of other skiers purchased Ikon passes for the 2019-2020 season. In mid-March, with months left in the ski season, ski resorts covered by the Ikon pass closed early. Ikon pass holders did not receive the benefits that they paid for.

3. Despite not providing the promised skiing access, Defendants did not offer a refund (or even partial refund) on passes. Instead, Defendants kept all of skiers' money. With hundreds of thousands of pass holders, this amounts to tens of millions (or more) in unjust profits.

4. Plaintiff brings this case on behalf of himself and the hundreds of thousands of skiers who purchased Ikon ski passes for the 2019-2020 ski season, but did not get the full benefits they paid for. Plaintiff seeks fair and reasonable compensation for Ikon pass holders.

## Parties

5. Plaintiff Robert Stephen Kramer is an individual residing in Villa Park, California. The proposed class includes residents of Colorado, California, and other states.

6. Defendant Alterra Mountain Company ("Alterra") is a Delaware corporation with its headquarters at 3501 Wazee St., Denver, CO 80216. Alterra owns ski resorts in Colorado, California, and around North America.

7. Defendant Ikon Pass, Inc. is a Delaware Corporation with its headquarters at 3501 Wazee St., Denver, CO 80216. Ikon Pass, Inc. is a fully-owned subsidiary of Alterra.

## Jurisdiction and Venue

8. This Court has jurisdiction under 28 U.S.C. § 1332(d)(2). This matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which one or more of members of the proposed class are citizens of a state different from any one of the Defendants.

9. Venue is proper under 28 U.S.C. § 1391, because Defendants reside in the District of Colorado. In addition, a substantial part of the Defendants' conduct giving rise to the claims occurred in the District of Colorado.

**Facts**

10. For the 2019-2020 ski season, Defendants offered Ikon season passes for sale to the general public on Defendants' website: www.ikonpass.com.

11. Defendants offered two flavors of Ikon pass, called the "Ikon Pass" and the "Ikon Base Pass."

12. The essential terms of each offer were set forth prominently on the website, including the "shop passes" pages. The "shop passes" pages for the 2019-2020 season are partially still available on the website. For example, for the Ikon Pass:



https://www.ikonpass.com/en/shop-passes/ikon-pass-2019-2020



https://www.ikonpass.com/en/shop-passes/ikon-pass-2019-2020

13. And for the Ikon Base Pass:



https://www.ikonpass.com/en/shop-passes/ikon-base-pass-2019-2020



https://www.ikonpass.com/en/shop-passes/ikon-base-pass-2019-2020

14. Pricing terms for 2019-2020 season passes are no longer displayed on the website. Below are further examples of the layout for next season (2020-2021), which includes pricing terms. Although the layout may have differed and the prices were different, the pricing was also prominently presented in 2019. (The 4-day pass was not offered in 2019).



https://www.ikonpass.com/en/shop-passes



https://www.ikonpass.com/en/shop-passes/ikon-pass-2020-2021



https://www.ikonpass.com/en/shop-passes/ikon-pass-2020-2021



https://www.ikonpass.com/en/shop-passes/ikon-pass-2020-2021

15. For 2019-2020, the price of the Ikon Base Pass was $649. In exchange for paying this amount, purchasers would receive "unlimited access" to "ski or ride as many days as you want," at 12 resorts (subject to "limited blackout dates at select destinations," which included major ski holidays). In addition, purchasers would receive "up to 5 days" at an additional 28 resorts with "limited blackout dates"

16. The price of the Ikon Pass was $949. In exchange, purchasers received "unlimited access" to 14 resorts and "up to 7 days" at an additional 26 resorts, with "no blackout dates."

17. The website provided the ability to add a pass to cart and check out. When a purchaser of an Ikon pass selected a pass, added it to his or her cart, submitted the transaction, and paid for the pass, this constituted acceptance of the offer on the website and formed a contract between that purchaser and Defendants.

18. Defendant Alterra Mountain Company ("Alterra") is a party to the contract. Alterra made the offer described above that, when accepted by the purchaser, formed a contract between Alterra and that purchaser. According to an Alterra press release, the Ikon pass is "[b]rought to you by Alterra Mountain Company."[1]

19. In addition or in the alternative, Defendant Ikon Pass, Inc. made the offer described above while acting as an agent of Alterra. The Ikon pass website appears to be operated, at least in part, by Alterra subsidiary Ikon Pass, Inc. For example, the website copyright states "Ikon Pass, Inc." When a pass offer was accepted by the purchaser, it formed a contract between Alterra and the purchaser. In addition, or in the alternative, when that offer was accepted by the purchaser, it formed a contract between Ikon Pass, Inc. and the purchaser.

20. Plaintiff purchased an Ikon Base Pass through the Ikon website in April 2019. He paid $619 (applying a renewal discount to the price of $649).

21. On March 14, 2020, Alterra announced the closure of all of its North American resorts. Around the same time, other Ikon resorts announced their closure.

22. This closure happened well before the end of the ski season. For example, the season at Winter Park typically runs into late April or May. The season at Mammoth Mountain, CA typically runs into June or July.

---

[1] https://www.alterramtnco.com/news/2019/02/26/19-20-ikon-pass-launch-release

23. As a result, Ikon passes no longer provided passholders with unlimited access (or any access) to Ikon resorts, despite months left in the season.

24. Defendants have not offered to return, and have not returned, any portion of season pass fees.

## Class Action Allegations

**The proposed class.**

25. It is appropriate to include Ikon Pass and Ikon Base Pass purchasers in the same class. Both groups formed a substantially similar contract with Defendants. The core benefits of the Ikon Pass and Base Pass were substantially the same: unlimited access to Ikon resorts, with limited additional ski days at other destinations. Both groups allege the same breach, and related claims. Both groups seek the same type of relief: compensation for the early termination of pass benefits. There are no conflicts of interest between these groups.

26. Accordingly, Plaintiff brings this action on behalf of the proposed class of: all individuals who purchased an Ikon Pass (including the Ikon Pass and Ikon Base Pass) for the 2019-2020 ski season.

27. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and the members of their family; (2) Defendants, Defendants' subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendants' counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

**Numerosity.**

28.     The proposed class contains members so numerous that separate joinder of each member of the class is impractical.  There are hundreds of thousands of proposed class members.  For example, for the 2018-2019 season, Defendants projected the sale of 250,000 Ikon passes.

**Commonality.**

29.     There are questions of law and fact common to the proposed class.  Common questions of law and fact include, without limitation:

   i. The terms of the contract formed between Ikon pass holders and Defendants;

   ii. Whether Defendants breached this contract by failing to provide pass benefits for the duration of the ski season;

   iii. Damages needed to reasonably compensate pass holders;

   iv. Whether Defendants were unjustly enriched by keeping all pass fees after providing resort access for only a portion of the ski season;

   v. The terms of an express warranty provided by Defendants to passholders, that formed a part of the basis of the bargain.

**Typicality.**

30.     Plaintiff's claims are typical of the proposed class.  Like the proposed class, Plaintiff purchased an Ikon pass (a Base Pass) for the 2019-2020 season.  Like the proposed class, Plaintiff lost access to Ikon resorts before the end of the ski season and seeks reasonable compensation for this loss.  And as explained above, purchasers of the Base Pass and Ikon Pass formed a substantially similar contract with Defendants.  The core benefits of the Ikon Pass and Base Pass were substantially the same: unlimited access to Ikon resorts, with limited additional ski days at other destinations.  Plaintiff alleges the same breach, and other claims, as the

proposed class. Plaintiff seeks the same type of relief: compensation for the early termination of pass benefits.

**Adequacy.**

31. Plaintiff will fairly and adequately protect the interests of the proposed class. Plaintiff's interests are aligned with the interests of the proposed class members: plaintiff seeks reasonable compensation for Defendants' breach and other alleged wrongs. Plaintiff is represented by experienced class counsel who are prepared to vigorously litigate this case through judgment and appeal. There are no conflicts of interest between Plaintiff and the class.

**Predominance and Superiority.**

32. The prosecution of separate actions by individual members of the proposed class would create a risk of inconsistent or varying adjudication with respect to individual members, which would establish incompatible standards for the parties opposing the class. For example, individual adjudication would create a risk that breach of the same contract is found for some proposed class members, but not others.

33. Common questions of law and fact predominate over any questions affecting only individual members of the proposed class. These common legal and factual questions arise from certain central issues which do not vary from class member to class member, and which may be determined without reference to the individual circumstances of any particular class member. For example, a core liability question is common: whether Defendants' breached their contract with Ikon pass holders by failing to offer unlimited access to Ikon resorts throughout the ski season.

34. A class action is superior to all other available methods for the fair and efficient adjudication of this litigation because individual litigation of each claim is impractical. It would

be unduly burdensome to have individual litigation of hundreds of thousands of individual claims in separate lawsuits, every one of which would present the issues presented in this lawsuit.

35. The proposed class is readily ascertainable. The precise number and identity of proposed class members can be determined with specificity from Defendants' sales records.

## Claims

36. Plaintiff alleges the following claims on behalf of himself and the proposed class.

### Claim 1: Breach of Contract

37. Plaintiff incorporates the allegations in paragraphs 1 - 35 above.

38. A valid contract existed between Plaintiff and Defendants. The contract, as alleged above, entitled Plaintiff to unlimited access to Ikon resorts throughout the ski season (among other benefits).

39. Plaintiff performed all contractual obligations.

40. Defendants breached by failing to provide Plaintiff with access to Ikon resorts, for a substantial portion of the ski season.

41. Defendants' breach was the proximate cause, and a substantial factor, in causing losses and damage to Plaintiff.

### Claim 2: Breach of the implied covenant of good faith and fair dealing

42. Plaintiff incorporates the allegations in paragraphs 1 - 35 above.

43. Defendants had an implied duty of good faith and fair dealing to provide access to ski resorts throughout the ski season and to return pass fees if pass benefits were terminated early.

44. Defendants violated this duty by failing to provide resort access, for a substantial portion of the season, and by not returning any pass fees.

45. Defendants breach was the proximate cause, and a substantial factor, in causing losses and damage to Plaintiff.

### Claim 3: Unjust enrichment

46. Plaintiff incorporates the allegations in paragraphs 1 - 35 above.

47. Defendants received a benefit (Ikon pass fees) at Plaintiff's expense.

48. It would be unjust for Defendants to retain all pass fees, when Defendants failed to provide resort access for a substantial portion of the ski season.

### Claim 4: Breach of express warranty

49. Plaintiff incorporates by reference the allegations in paragraphs 1 - 35 above.

50. Defendants created an express warranty through affirmative website statements, alleged above, that Ikon passes would in fact provide "unlimited access" to resorts throughout the ski season.

51. This warranty was part of the basis of the bargain. The prominent display of this warranty on the website was intended to induce, and did induce, purchasers to rely upon it. Plaintiff relied on this warranty in deciding to purchase an Ikon Pass and would not have purchased an Ikon pass if he had known that Defendants would in fact terminate access to resorts with months remaining in the ski season.

52. Defendants breached this express warranty by failing to provide access to Ikon resorts for a substantial portion of the ski season.

53. This breach was the proximate cause, and a substantial factor, in causing losses and damages to Plaintiff.

## Jury Demand

Plaintiff demands a jury trial on all issues so triable.

## Prayer for Relief

Plaintiff seeks the following relief for himself and for the proposed class:

a) An order certifying the asserted claims, or issues raised, as a class action;

b) A judgment in favor of plaintiff and the proposed class;

c) Damages;

d) Rescission, disgorgement, and other just equitable relief;

e) Reasonable attorneys' fees and costs;

f) Any additional relief that the Court deems reasonable and just.

April 14, 2020

*s/ Gregory Dovel*

Gregory Dovel
Dovel & Luner, LLP
201 Santa Monica Blvd., Suite 600
Telephone: (301) 656-7066
Fax: 301-656-7069
E-mail: greg@dovel.com
Counsel for Plaintiff