IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-CV-01057-RM-SKC

ROBERT STEPHEN KRAMER, Individually and On Behalf of All
Others Similarly Situated,

       Plaintiff,

v.

ALTERRA MOUNTAIN COMPANY and
IKON PASS INC.,

       Defendants.

---

**JOINT MOTION OF PLAINTIFFS ECKERT AND CLEAVER FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL PURSUANT TO RULE 23(g)**

---

Plaintiffs Brian Eckert and Vanessa Cleaver in the related actions *Eckert v. Alterra Mountain Company and Ikon Pass, Inc.,* 20-cv-01158 (NYW) and *Cleaver v. Alterra Mountain Company and Ikon Pass, Inc.,* Case. No. 20-cv-01186 (RBJ) hereby move pursuant to Rule 23(g) of the Federal Rules of Civil Procedure to appoint Robert B. Carey of Hagens Berman Sobol Shapiro LLP and James Evangelista of Evangelista Worley LLC as interim co-lead counsel.

Pursuant to Local Rule 7.1(a), *Eckert* and *Cleaver* Counsel conferred with counsel for all other cases pending in this Court against Alterra Mountain Company and Ikon Pass, Inc., specifically, *Kramer v. Alterra Mountain Company et al.* No. 20-cv-01057 (RPM) (filed April 14, 2020), *Farmer v. Alterra Mountain Company et al.* No. 20-cv-01175 (LTB) (filed April 27, 2020), *Werner et al. v. Alterra Mountain Company et al.* No. 20-cv-01254 (filed May 5, 2020), and *Steijn et al. v. Alterra Mountain Company U.S., Inc.* No 20-cv-01347 (transferred to District

of Colorado on May 12, 2020) regarding Plaintiffs Eckert and Cleaver's motion for appointment as interim co-lead counsel. *Kramer* is pending before this Court, *Werner* is pending before Magistrate Judge S. Kato Crews, *Farmer* is pending before Magistrate Judge Scott T. Varholak, and *Steijn* is pending before Judge Raymond P. Moore and Magistrate Judge N. Reid Neureiter. Movants asked counsel for *Kramer*, *Farmer*, and *Werner* whether they would support the interim appointments sought. Counsel in all cases indicated that they oppose this motion and are likely to file their own.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Federal Rule of Civil Procedure 23(g) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). In making this determination, the Court should consider (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class. *See* Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." *Id. See also, e.g.*, *Bellwether Cmty. Credit Union v. Chipotle Mexican Grill, Inc.*, Civil Action No. 17-cv-1102-WJM-STV, 2017 U.S. Dist. LEXIS 150071, at *2-3 (D. Colo. Sep. 15, 2017).

Here, counsel for Plaintiffs, Hagens Berman Sobol Shapiro LLP ("Hagens Berman") and Evangelista Worley LLC ("Evangelista Worley") (collectively "Proposed Interim Co-Lead

Counsel"), more than meet the requirements of Rule 23(g). Proposed Interim Co-Lead Counsel have devoted extensive time to investigating the claims in this action. They are experienced in complex commercial litigation, well versed in the applicable law, and have ample resources to devote to the prosecution of this action. Early case management is particularly appropriate here because, as discussed below, there are multiple actions filed against the Alterra Mountain Company and Ikon Pass, Inc. that should be coordinated at the outset.

## BACKGROUND

Plaintiffs and putative class members purchased, for the 2019-20 ski season, Ikon Passes that Defendants (collectively "Alterra") represented provided a combination of both unlimited and limited skiing at ski resorts Alterra operates. On March 15, 2020, Alterra suspended operations of their ski areas in the United States due to the COVID-19 pandemic. Although the closures rendered the Ikon passes unusable for a substantial portion of the 2019-20 ski season, Alterra has refused to issue any refunds to putative class members. Instead, Alterra has offered only a partial discount towards the purchase of a pass next season.[1]

On April 24, 2020 Plaintiff Eckert filed a class action complaint against Alterra Mountain Company and Ikon Pass, Inc. in this District seeking to represent a class of "All consumers who paid the cost for an Ikon Pass for the 2019-2020 ski season who were not able to use, or did not otherwise get the full value from, those Ikon Passes, following closure of Defendants' mountains, ski lifts ski slopes and recreational facilities on March 15, 2020." *Eckert* Dkt. 1, Compl. ¶ 36. Four days later, on April 28, 2020, Plaintiff Cleaver filed a class action complaint

---

[1] https://theknow.denverpost.com/2020/04/14/ikon-pass-2020-2021-season-discounts-coronavirus/237487/

in the District of Colorado seeking to represent a functionally identical nationwide class of persons who had "purchased Ikon Passes for the 2019-20 ski season and who, as of March 15, 2020, had not used up all of the days remaining on their Ikon Passes." *See Cleaver* Dkt. 1, Compl. § IV ¶ 1.

Besides the *Eckert* and *Cleaver* actions, there are four other cases pending before this Court that raise virtually identical claims on behalf of virtually identical putative classes: *Kramer v. Alterra Mountain Company et al.* No. 20-cv-01134 (SKC) (filed April 14, 2020), *Farmer v. Alterra Mountain Company et al.* No. 20-cv-01175 (filed April 27, 2020), *Werner v. Alterra Mountain Company et al.* No. 20-cv-01347 (filed May 5, 2020), and *Steijn v. Alterra Mountain Company et al.,* No. 20-cv-01347 (transferred to the District of Colorado on May 12, 2020). All seek nationwide relief on behalf of a class of Ikon Pass purchasers. On May 18, 2020, the Court granted a Joint Motion to Consolidate Cases for pretrial proceedings pursuant to Federal Rule of Civil Procedure 42(a)(2) and D.C. COLO. L. Civ. R. 42.1.

## ARGUMENT

Pursuant to Federal Rule of Civil Procedure 23(g)(3) it is appropriate at this early stage of the litigation for the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Designating Interim Co-Lead Counsel helps "clarify responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." Manual for Complex Litigation § 21.11 (4th ed. 2004) ("Manual"). The Federal Rules of Civil Procedure set forth four considerations for the Court to evaluate in choosing Interim Co-Lead Counsel, including: " (i)

the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class." Fed. R. Civ. Proc. 23(g)(1)(A). Proposed Interim Co-Lead Counsel more than satisfy these requirements.

### A. Proposed Interim Co-Lead Counsel Expended and Continue to Expend Substantial Time Investigating the Underlying Claims.

Proposed Interim Co-Lead Counsel have expended substantial time investigating the underlying claims. Declaration of Robert Carey ("Carey Decl."), ¶ 2. Together, Proposed Interim Co-Lead Counsel have been contacted by, and responded to dozens of putative class members from states around the country. *Id*. Proposed Interim Co-Lead Counsel, together with co-counsel in their respective cases, thoroughly researched all allegations before filing the Complaints, investigated and researched the Ikon Pass program as well as Alterra's offer of only a partial discount towards the purchase of a Pass for the 2020/ 2021 season, reviewed pertinent press articles and reports, and researched Defendants, and their relevant market share. *Id.* ¶ 3. Proposed Interim Co-Lead Counsel anticipate filing a consolidated complaint with multiple state subclasses if the Court determines that Colorado law does not apply to all claims and that variations in state law preclude a nationwide class. *Id*. ¶ 4. In addition to continuing to investigate claims against Alterra, Proposed Interim Co-Lead Counsel have been contacted by several putative class members who purchased Pass Insurance marketed by Alterra, brokered by Red Sky Travel Insurance and underwritten by Arch Insurance Company. *Id.* ¶ 5. Proposed Interim Co-Lead Counsel anticipate inserting additional claims not only against Alterra, but also plan to add claims against these entities arising out of the deceptive marketing of these insurance

policies and failure to pay out any COVID-19 related claims. *Id.* ¶ 6.

**B.  Proposed Interim Co-Lead Counsel Have Extensive Class Action Experience and Are Intimately Familiar with the Laws.**

Rule 23(g)(1)(A)(ii) asks the Court to consider "counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action."

Both on a national scale and in Colorado, Proposed Interim Co-Lead Counsel Robert B. Carey and James M. Evangelista have the experience and knowledge to provide the putative class the best representation possible. Proposed Interim Co-Lead Counsel have extensive experience with class actions and complex litigation generally, *see generally* Carey Decl., attaching the firm resume of Hagens Berman at Ex. A, and Evangelista Decl. attaching the firm resume of Evangelista Worley at Ex. A, and have experience working efficiently together as co-counsel in other actions.

### 1. Robert B. Carey of Hagens Berman

Hagens Berman specializes in the litigation of complex class actions and MDLs on behalf of plaintiffs throughout the country. Hagens Berman has been appointed lead or co-lead counsel in many of the largest antitrust, consumer fraud, product liability, and securities cases in history. Hagens Berman's ("HBSS") leadership has achieved substantial, often unprecedented, results for class members. Carey Decl., ¶ 7. The following are just a few examples:

- *In re Visa Check/MasterMoney Antitrust Litigation*, United States District Court for the Eastern District of New York, 96-CV-5238. HBSS acted as plaintiffs' co-lead counsel in this antitrust class action against Visa and MasterCard, challenging an aspect of their "Honor All Cards" rule. Shortly after trial began, HBSS, which was on the trial team, helped secure a class settlement of approximately $3.05 billion, and injunctive relief valued at approximately $20 billion. At the time of the settlement, this was the largest antitrust settlement in history.

- *In re Elec. Books Antitrust Litig.*, 11-md-2293 DLC (S.D.N.Y.). The firm pioneered this litigation as lead counsel against Apple and the largest brick-and-mortar publishers for antitrust violations. HBSS worked in novel partnership with the Department of Justice and 33 State Attorneys General, representing purchasers of e-books in 19 states and four U.S. territories. Conditioned on the Second Circuit's handling of Apple's appeal, the class may receive up to $560 million to resolve price-fixing allegations, on single damages of $270 million.

- *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 8:10ML2151 JVS, (C.D. Cal.). As co-lead counsel for the economic loss classes in this successful, complex MDL, the firm challenged a defect causing dozens of models spanning an 8-year period to undergo sudden, unintended acceleration. The resulting $1.6 billion settlement included $500 million in cash payments to class members, many of whom received checks for thousands of dollars; installation of a safety-enhancing brake override system on millions of vehicles; and a program that substantially extended warranties for millions of consumers. To the firm's knowledge this was the largest automobile class settlement in U.S. history.

*See* Carey Decl., ¶ 9. These extraordinary results are possible because the firm abides by a rule developed from years of leading complex class actions: vigorous and efficient prosecution with a nimble leadership team, clear lines of responsibility, and a commitment to "live and breathe" a case. *Id.*

Proposed Interim Co-Lead Counsel Robert B. Carey, a partner, is a member of Hagens Berman's executive committee, and in his prior role as Arizona's Chief Deputy Attorney General, he managed hundreds of cases in his 27-year career. Carey Dec., ¶ 10. Mr. Carey grew up in Colorado, and attended the University of Denver's business and law schools, was admitted to the Colorado bar in 1987, and taught at the University of Colorado. *Id.* ¶ 11. He handles cases (and resides) in both Arizona and Colorado, and has litigated cases across Colorado for over twenty years. *Id.* ¶ 12.

Mr. Carey has extensive experience handling consumer and class-related lawsuits. Mr. Carey has litigated class actions in Colorado federal and state courts involving Colorado

Consumer Protection Act, breach of contract, and insurance issues. *Id.* ¶ 13. Mr. Carey has litigated these same issues against Vail Resorts. In *Stone v. Vail Resorts* (Judge Daniel), Mr. Carey brought breach of contract and Colorado Consumer Protection Act claims arising out of misrepresentations about property rights for condominiums sold by Vail Resorts. *Id.* ¶ 14. Judge Daniel referred the matter to arbitration, where Judge Brook (ret.) found for plaintiff, and Judge Domenico has under advisement a motion to confirm the award and determine who should decide the issue of attorneys' fees. *Id.*

Mr. Carey served as a lead attorney for the Hyundai Horsepower Litigation and the Hyundai/Kia MPG litigation, whose combined monetary relief exceeded $200 million. *Id.* ¶ 15.

As Chief Deputy Attorney General, Mr. Carey oversaw and guided major consumer cases, including those that resulted in a $4 billion divestiture and a landmark $165 million antitrust settlement for the State of Arizona. *Id.* ¶ 16.

Mr. Carey has tried to verdict numerous cases in this Court, including most recently obtaining a landmark verdict against DaVita, Inc.[2] *Id.* ¶ 17.

Among Mr. Carey's trials before this Court are two cases involving, as does this case, the intersection of contract, the Colorado Consumer Protection Act and insurance law. *Id.* ¶ 18. In those cases, *Folks v American Family*, 04-cv-00243-REB-BNB, tried before Judge Blackburn, and *Whitehead v. American Family*, 04-cv-00191-EWN-MJW, tried before Judge Nottingham (ret), Mr. Carey obtained jury verdicts for the plaintiff, including compensatory, statutory bad faith, and exemplary damages. *Id.*

---

[2] Co-counsel in the DaVita trial before this Court, Stuart M. Paynter of Paynter Law, is also co-counsel in the *Clarke* action.

Mr. Carey has litigated dozens of cases involving violations of the Colorado Consumer Protection Act, contract breaches, or misrepresentations, many of which went to trial (and plaintiff verdict) in courts Colorado. *Id.* ¶ 19.

### 2. James Evangelista of Evangelista Worley LLC

Evangelista Worley, LLC focuses its federal litigation practice on class actions and high-value business litigation. Evangelista Decl. ¶ 3. During their careers, Messrs. Evangelista and Worley have served in leadership roles in a wide range of consumer and securities fraud class actions, most recently including the Equifax Data Breach Litigation and the Home Depot Data Breach Litigation. *Id*. In addition to their class action clients, the firm's partners have represented a broad range of institutional clients in complex federal litigation matters including county governments, bankruptcy trustees, public companies, and institutional investors such as state pension funds and unions. *Id*

Proposed Interim Co-Lead Counsel James M. Evangelista is a member of the Colorado Bar and has nearly three decades of diverse, hands-on, class action and other complex federal litigation experience, primarily representing plaintiffs. Evangelista Decl. ¶ 4. Having served as counsel to both plaintiffs and defendants in class action litigation matters, Mr. Evangelista has a unique perspective, and advantage, representing class action plaintiffs. *See id.* ¶¶ 3-4, Exhibit A.

Evangelista Worley's other attorneys have very extensive class action experience and high-profile leadership appointments themselves. *Id* at ¶¶ 5-6, Exhibit A.

In short, the firms' breadth of class action and federal litigation expertise will help ensure that the interests of putative class members in this case are well-protected and competently represented.

**C.      Proposed Interim Counsel Have Substantial Resources.**

Proposed Interim Co-Lead Counsel have the resources necessary to finance all the expenses associated with a case of this magnitude and are committed to providing the requisite personnel and financial resources in order to prosecute this action in the best interests of all named plaintiffs and the proposed Class. Together Proposed Interim Co-Lead Counsel have 9 offices with approximately 90 attorneys, as well as a team of non-lawyer professionals. In the event that this action involves the production of large volumes of documents, including electronically stored information, and/ or an extensive deposition schedule, Proposed Interim Co-Lead Counsel have the experience and resources to achieve a favorable result for the proposed Class. At the same time, while Proposed Interim Co-Lead Counsel are committed to expending the resources necessary to achieve a favorable result for the proposed Class, Proposed Interim Co-Lead Counsel are extremely cognizant of the need to control costs, and have diligently done so in other complex litigation the respective firms have been involved in, striving to avoid waste and avoid duplication in favor of efficiency.

**CONCLUSION**

For the foregoing reasons, this Court should appoint Robert B. Carey of Hagens Berman and James Evangelista of Evangelista Worley as interim Co-Lead Counsel with responsibility of litigating on behalf of the putative class identified in the *Eckert, Cleaver, Kramer, Farmer, Werner* and *Steijn* cases, as well as any additional cases consolidated with those actions.

DATED:      May 20, 2020                               Respectfully submitted,


By: /s/ *Robert B. Carey*                                    By: */s/ Rusty E. Glenn*
**HAGENS BERMAN SOBOL SHAPIRO LLP**      **SHUMAN, GLENN & STECKER**
Robert B. Carey                                              Rusty E. Glenn

Tory Beardsley
11 West Jefferson Street, Suite 1000
Phoenix, Arizona 85003
Telephone: (602) 840-5900
Facsimile: (602) 840-3012
Email: rob@hbsslaw.com
Email: toryb@hbsslaw.com

**PAYNTER LAW FIRM, PLLC**
Stuart M. Paynter
1200 G Street NW, Suite 800
Washington, DC 20005
Telephone: (844) 204-9965
Facsimile: (866) 734-0622
E-mail: stuart@paynterlaw.com

**NORTON FRICKEY, P.C.**
Craig Valentine
2301 E. Pikes Peak Ave., Suite 205
Colorado Springs, CO 80909
Telephone: (719) 634-6450
Facsimile: (719) 634-6807
E-mail: craig@coloradolaw.com

*Counsel for Plaintiff Dylan Clarke and the Proposed Class*

600 17th Street, Suite 2800 South
Denver, CO 80202
Telephone: 303-861-3003
Fax: 303-536-7849
E-mail: rusty@shumanlawfirm.com

**EVANGELISTA WORLEY LLC**
James Evangelista
David J. Worley *(Application Forthcoming)*
Kristi Stahnke McGregor *(Application Forthcoming)*
500 Sugar Mill Road
Building A, Suite 245
Atlanta, Georgia 30350
Telephone: (404) 205-8400
E-mail: jim@ewlawllc.com
       david@ewladllc.com
       kristi@ewlawllc.com

**MILBERG PHILLIPS GROSSMAN LP**
Jennifer Kraus-Czeisler (*Application Forthcoming*)
Sanford Dumain
Adam H. Cohen (*Application Forthcoming*)
Blake Yagman (*Application Forthcoming*)
One Pennsylvania Plaza, Suite 1920
New York, New York 10119
Telephone: (212) 594-5300
Email: jczeisler@milberg.om
       sdumain@milberg.com
       acohen@milberg.com
       byagman@milberg.com

*Counsel for Plaintiff Brian Eckert and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 20, 2020, I electronically filed the foregoing JOINT MOTION OF PLAINTIFFS ECKERT AND CLEAVER FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL PURSUANT TO RULE 23(g) with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Gregory Scott Dovel - greg@dovellaw.com
Simon Carlo Franzini - simon@dovel.com
Ty Cheung Gee - tgee@hmflaw.com
Jonas B. Jacobson - jonas@dovel.com
Jeffrey S. Pagliuca - jpagliuca@hmflaw.com

I HEREBY CERTIFY that on May 20, 2020, I served the foregoing JOINT MOTION OF PLAINTIFFS ECKERT AND CLEAVER FOR APPOINTMENT OF INTERIM CO-LEAD COUNSEL PURSUANT TO RULE 23(g) on following email addresses:

Joseph G. Sauder - jgs@sstriallawyers.com
Nyran Rose Rasche - nrasche@caffertyclobes.com
Nickols J. Hagman - nhagman@caffertyclobes.com
John D. Scheflow - jscheflow@caffertyclobes.com
Bryan L. Clobes - bclobes@caffertyclobes.com
Richard M. Hagstrom -rhagstrom@hjlawfirm.com
Yeremey Krivoshey - ykrivoshey@bursor.com
Blair E. Reed - breed@bursor.com
Scott A. Bursor - scott@bursor.com
Marc G. Reich - mgr@reichradcliffe.com
Adam T. Hoover - adhoover@reichradcliffe.com
Kathryn A. Reilly - reilly@wtotrial.com
Andrew M. Unthank - unthank@wtotrial.com
Natalie E. West - west@wtotrial.com
Ryan W. Cooke - cooke@wtotrial.com

*/s/ Rusty Evan Glenn*
Rusty Evan Glenn