IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 20-cv-01057-RM-SKC
    Consolidated for Pretrial:
    20-cv-01158-RM-SKC
    20-cv-01175-RM-SKC
    20-cv-01186-RM-SKC
    20-cv-01254-RM-SKC
    20-cv-01347-RM-SKC
    20-cv-01520-RM-SKC
    20-cv-01583-RM-SKC
    20-cv-01691-RM-SKC
    20-cv-01699-RM-SKC
    20-cv-02021-RM-SKC

ROBERT STEPHEN KRAMER, Individually and On Behalf of All
Others Similarly Situated,

    Plaintiffs,

v.

ALTERRA MOUNTAIN COMPANY and
IKON PASS INC.,

    Defendants.

_____

## ORDER
_____

Plaintiffs and putative class members purchased "Ikon Passes"[1] for the 2019-2020 ski season from Defendants. On March 15, 2020, Defendants suspended operations of their ski resorts in North America due to the COVID-19 pandemic. Eleven putative class actions have been filed under various theories because Defendants have allegedly refused to refund the unused value of the Ikon Passes. The Court has consolidated these actions for pretrial purposes. In accordance with the Court's order, various parties have filed motions for their counsel to be

---

[1] Defendants apparently sell more than one type of ski pass. For purposes of this Order, the Court groups them together as the "Ikon Passes."

appointed as interim lead counsel, interim co-lead counsel, or liaison counsel. The issues before the Court are whom it should appoint as interim lead/co-lead counsel and whom, if anyone, it should appoint as liaison counsel. The motions before the Court for consideration on these issues are as follows:

(1) Joint Motion of Plaintiffs Eckert and Cleaver to Appoint Robert B. Carey of Hagens Berman Sobol Shapiro LLP and James Evangelista of Evangelista Worley LLC as Interim Lead Counsel Pursuant to Fed. R. Civ. P. 23(g) (ECF No. 54) (the "*Eckert* and *Cleaver* Motion");

(2) Motion of Phillip Werner, Ryan Collins, Bradley Briar, Erik Ernstrom, Robert Lombardini, Jaycelle Marshall, Kim Kurpjuweit, Shannon Mcnamara, Jeffrey Farrell, James Sutcliffe, Eric Gifford, Erick Mcquillin, Aaron Batt, Linh Bui, Christopher Reed, Douglas Fuller, W. Walter Layman, Callan Kofoid, and Keri Reid to Appoint Hellmuth & Johnson, PLLC as Interim Lead Class Counsel (ECF No. 57) (the "*Werner* Motion");

(3) *Kramer* and *Steijn* Plaintiffs' Joint Motion to Appoint Bursor & Fisher and Dovel & Luner Interim Co-Lead Class Counsel (ECF No. 58) (the "*Kramer* and *Steijn* Motion"); and

(4) Motion for Appointment of Interim Lead Counsel and Liaison Counsel (ECF No. 59) (the "*Farmer* Motion").

(Collectively, the "Motions.")

***Interim Lead or Co-Lead Class Counsel.*** Under Fed. R. Civ. P. 23(g)(3), the Court "may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." In making this designation, the Court considers the following factors: "(i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class." Fed. R. Civ. P. 23(g)(1)(A). In addition, the Court "may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). And, where more

2

than one adequate applicant seeks appointment as interim lead class counsel, "the court must appoint the applicant best able to represent the interests of the class." Fed. R. Civ. P. 23(g)(2).

The Court has not only carefully considered the Motions but also examined the record for other filings made by the moving parties, such as the complaints, in deciding whom to appoint as interim lead counsel. The Court's review shows that all counsel at issue have done significant work in identifying and investigating potential claims on behalf of their client(s), as demonstrated by the complaints which have been filed. The record also confirms that all counsel have significant experience in handling consumer class actions and other complex litigation, showing they are qualified in representing Plaintiffs and putative class members. The same holds true as to the respective counsel's knowledge concerning laws applicable to consumer claims and actions, and class actions in general. All counsel are well versed in these areas of law. In addition, all counsel represent they have already committed substantial resources to their case, such as researching legal issues, communicating with putative plaintiffs, and engaging experts. They all have the ability – and commit – to continue to do so. Finally, as the *Werner* Motion notes, "the proposed class would be well-served by whomever the Court selects to prosecute this action." (ECF No 57, p. 3 n.4.) In other words, each counsel has demonstrated he/she would fairly and adequately represent the interests of the putative class.

The question then is whom among this adequate group of applicants the Court should appoint that would best be able to represent the interests of all of the parties on their side. In this case, in the exercise of its discretion, the Court appoints Bursor & Fisher and Dovel & Luner as Interim Co-Lead Class Counsel. The Court does so for essentially two reasons. First, these law firms were the first and second to file. Thus, where the question is a close one, this method

serves as an objective basis for choosing among highly qualified counsel and their law firms.[2] *See Richey v. Ells,* No. 12-CV-02635-WJM-MEH, 2013 WL 179234, at *2 (D. Colo. Jan. 17, 2013) ("Ultimately, Plaintiff Richey was the first to file his case and, therefore, the Court appoints his counsel as Lead Counsel for the consolidated action." (citing *Biondi v. Scrushy*, 820 A.2d 1148, 1159 (Del. Ch. 2003), *aff'd sub nom. In re HealthSouth Corp. Shareholders Litig.*, 847 A.2d 1121 (Del. 2004))). And, second, because the *Kramer* and *Steijn* Motion identified in greater detail the specific substantive investigation, research, and analysis already conducted to support and prosecute the claims on behalf of putative class members. Accordingly, these two law firms are appointed interim co-lead class counsel.[3]

*Liaison Counsel.* As the Court indicated during the status conference held on June 18, 2020, it did not believe that liaison counsel was necessary in this case. Except for Mr. Farmer, all other movants in the Motions agree separate liaison counsel is not needed as interim lead/co-lead counsel can perform the administrative matters generally handled by liaison counsel. The Court agrees. Upon review of the nature of the case, the limited number of actions filed, and the record as a whole, efficiency and economy can be achieved without jeopardizing fairness to the parties by having the interim co-lead class counsel appointed herein perform all of such tasks. *See* Manual for Complex Litigation § 10.22, p. 25 (4th ed. 2004) (The types of appointments and assignments of responsibilities depend on many factors. "The most important is achieving efficiency and economy without jeopardizing fairness to the parties."). Accordingly, it is

**ORDERED** that the *Kramer* and *Steijn* Motion (ECF No. 58) is GRANTED as stated herein; and it is

---

[2] In doing so, the Court is *not* finding that subsequent actions merely copied or piggybacked on the first filed complaints.

[3] The Court expects the firms to efficiently, economically, and fairly advance the interests of Plaintiffs and putative class members. Thus, for example, there should be no duplication of work by the two firms.

**FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 23(g)(3), Bursor & Fisher and Dovel & Luner are appointed as Interim Co-Lead Class Counsel; and it is

**FURTHER ORDERED** that this Order shall apply to all related actions which have been or will be consolidated with this action; and it is

**FURTHER ORDERED** that the following motions are **DENIED**: (1) the *Eckert* and *Cleaver* Motion (ECF No. 54); (2) the *Werner* Motion (ECF No. 57); and (3) the *Farmer* Motion (ECF No. 59); and it is

**FURTHER ORDERED** that the Order Referring Case (ECF No. 21) to Magistrate Judge S. Kato Crews shall apply to all consolidated actions; and it is

**FURTHER ORDERED** that (1) within **35** days of the date of this Order, Plaintiffs shall file their Consolidated Amended Complaint; and (2) within **15** days after Plaintiffs file their Consolidated Amended Complaint, the parties shall meet, confer, and file a joint proposed pre-trial schedule addressing the timing for Defendants' anticipated motion to dismiss the Consolidated Amended Complaint and setting the scheduling conference required by Fed. R. Civ. P. 16. The parties shall jointly email the Chambers of Magistrate Judge S. Kato Crews at Crews_Chambers@cod.uscourts.gov to coordinate a date for the scheduling conference.

DATED this 31st day of July, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge