UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01057-RM-SKC
  Consolidated for Pretrial:
  20-cv-01158-RM-SKC   20-cv-01175-RM-SKC
  20-cv-01186-RM-SKC   20-cv-01254-RM-SKC
  20-cv-01347-RM-SKC   20-cv-01520-RM-SKC
  20-cv-01583-RM-SKC   20-cv-01691-RM-SKC
  20-cv-01699-RM-SKC   20-cv-02021-RM-SKC
  20-cv-02907-RM-SKC

TIMOTHY GOODRICH, NOLTE MEHNERT, GEORGE T. FARMER,
JOSEPH PANGANIBAN, ERIK ERNSTROM, W. WALTER LAYMAN,
BRADLEY BRIAR, and KERI REID, each individually and on behalf of all others
similarly situated,

    Plaintiffs,

v.

ALTERRA MOUNTAIN COMPANY, ALTERRA MOUNTAIN COMPANY U.S.
INC., and IKON PASS INC.,

    Defendants.

## UNOPPOSED MOTION FOR EXTENSION OF TIME

Defendants Alterra Mountain Company, Alterra Mountain Company U.S. Inc., and Ikon Pass Inc. (together, "Alterra") move for an extension to July 19, 2021, to file its Answer to the Consolidated Class Action Complaint ("Consolidated Complaint," ECF No. 66).

### STATEMENT OF CONFERRAL UNDER D.C.COLO.LCivR 7.1(a)

Alterra's counsel conferred with Plaintiffs' counsel about the relief requested in this motion. Plaintiffs do not oppose the requested relief.

## INTRODUCTION

1. This consolidated action comprises 12 separate putative class actions filed or transferred to this Court between April 2020 and September 2020. Given the complex coordination and procedural requirements of this case—for instance, the appointment of interim co-lead class counsel, preparation of a Consolidated Complaint, and consolidated briefing on a motion to dismiss—the pleadings and pre-trial proceedings have so far been governed by an iterative process of conferring on and proposing various initial pre-trial schedules for the Court's approval and entry.

2. Consistent with this practice, undersigned counsel planned to confer with Plaintiffs' counsel to set a deadline for Plaintiffs to seek leave to amend the Consolidated Complaint and for Alterra to prepare and file a consolidated answer, following the Court's June 25, 2021 Order on Motion to Dismiss (ECF No. 94). However, due to confusion arising from this same complicated procedural history, undersigned counsel and their staff inadvertently failed to docket the presumptive 14-day deadline under Rule 12(a)(4)(A) to answer following denial of a motion to dismiss, which elapsed one business day before this motion, on July 9, 2021. Regrettably, undersigned counsel did not realize this docketing error until after the presumptive deadline expired, and now seeks to address the oversight by filing this unopposed motion for extension just one day after the presumptive deadline.

## BACKGROUND

3. On May 18, 2020, the Court consolidated the first six of the related actions. (ECF No. 23). Since then, the Court has issued various follow-on consolidation orders, eventually

consolidating all of the 12 cases referenced in the caption above into these consolidated proceedings. (ECF Nos. 34, 38, 41, 45, 61, 72.)

4. Following the May 18, 2020 consolidation, the pre-trial proceedings in this matter have been governed by a series of pre-trial orders and schedules, following conferral between Plaintiffs and Alterra.

5. On May 26, 2020, the Court scheduled a status conference for June 18, 2020, to discuss "(1) The appointment of liaison counsel, including setting a briefing schedule and hearing for the same; (2) The appointment of interim lead counsel, including setting a briefing schedule and hearing for the same; and (3) Any joint proposed pre-trial schedule(s) which the parties file at least 10 days before the conference." (ECF No. 30.) In the meantime, the Court stayed briefing on the then-pending motion for appointment of interim co-lead counsel. (*Id.*)

6. On May 28, 2020, the Court converted the status conference set for June 18, 2020 to "address MDL 2943 and its impact on the consolidated cases before this Court and other related issues," maintaining the prior stay on interim co-lead counsel briefing. (ECF No. 31.)

7. On June 4, 2020, in light of the withdrawal of the MDL motion, the Court advised that the parties should be prepared at the June 18, 2020 status conference to discuss the matters set forth in its May 26, 2020 order, and that the Court would accept "pre-trial schedules filed by June 10, 2020." (ECF No. 36.)

8. On June 10, 2020, per the Court's June 4 Order, the parties filed a Joint Proposed Initial Pre-Trial Schedule. (ECF No. 39.) The parties jointly proposed a schedule for the timing and nature of proposed briefing on interim class counsel applications. The parties proposed different pre-trial schedules for the preparation and filing of a consolidated class action

complaint to serve as a single, consolidated pleading in the consolidated proceedings. Alterra proposed that Plaintiffs file a consolidated amended complaint within 35 days of the Court's appointing interim class counsel, and that the parties, within 10 days of that filing, confer and file a joint proposed pre-trial schedule addressing the timing for Alterra's then-anticipated motion to dismiss the consolidated amended complaint and setting a Rule 16 conference. (*Id.* at 2.)

9.  On June 18, 2020, the Court held the above-mentioned status conference. At that conference, the Court set July 13, 2020, as the deadline for all leadership briefs and functionally adopted Alterra's proposed position that, after the filing of the consolidated amended complaint, the parties would confer on and file a proposed pre-trial schedule. (ECF No. 48.)

10. In light of the Court's June 18 Order, Magistrate Judge Crews vacated the scheduled July 14, 2020 Rule 16(b) Scheduling Conference and associated Proposed Scheduling Order deadline. (ECF No. 51.) Magistrate Judge Crews further indicated that the Scheduling Conference would be reset after the Court appointed interim class counsel. (*Id.*)

11. On July 31, 2020, the Court appointed Interim Co-Lead Class Counsel. (ECF No. 64.) The Court further ordered that "(1) within **35** days of the date of this Order, Plaintiffs shall file their Consolidated Amended Complaint; and (2) within **15** days after Plaintiffs file their Consolidated Amended Complaint, the parties shall meet, confer, and file a joint proposed pre-trial schedule addressing the timing for Defendants' anticipated motion to dismiss the Consolidated Amended Complaint and setting the scheduling conference required by Fed. R. Civ. P. 16." (*Id.* at 5.)

12. Pursuant to the Court's July 31 Order, the parties contacted Magistrate Judge Crews's Chambers to set a Rule 16 Scheduling Conference, which was eventually set for October 19, 2020. (ECF No. 67.)

13. Further to the Court's July 31 Order, on September 21, 2020, the parties filed a Joint Proposed Pre-Trial Schedule, addressing the parties' proposed briefing schedule on Alterra's then-forthcoming motion to dismiss. (ECF No. 68.)

14. That same day, the Court entered the "following Initial Pre-trial Schedule": "Deadline for Defendants' Consolidated Motion to Dismiss: October 16, 2020; Deadline for Plaintiffs' Consolidated Opposition: November 6, 2020; and Deadline for Defendants' Consolidated Reply: November 20, 2020." (ECF NO. 69.)

15. The next day, on September 22, 2020, "[i]n light of Judge Moore's recent order granting an initial pre-trial schedule," Magistrate Judge Crews vacated the Rule 16(b) Scheduling Conference "pending the outcome of the motion to dismiss" and set the matter for a Status Conference on February 18, 2021. (ECF No. 70.) Because discovery cannot be served until the parties hold a Rule 26(f) conference, *see* Fed. R. Civ. P. 26(d)(1), the result of this Order was to effectively stay all other pre-trial proceedings.

16. Following the Initial Pre-trial Schedule, Alterra brought and the parties fully briefed Alterra's Rule 12(b)(6) motion to dismiss the Consolidated Class Action Complaint between October 16, 2020 and November 20, 2020.

17. On February 5, 2021, Magistrate Judge Crews vacated and reset the February 18 Rule 16(b) Scheduling Conference for February 23, 2021. (ECF No. 86.)

18. On February 22, 2021, Magistrate Judge Crews vacated the Rule 16(b) Scheduling Conference scheduled for February 23 and ordered the parties to "contact Chambers within 10 days of Judge Moore's order on the pending motion to Dismiss [#73] to set a scheduling conference or status conference." (ECF No. 87.) In doing so, Magistrate Judge Crews extended the effective stay of all pre-trial proceedings, pending the Court's resolution of Alterra's motion to dismiss and the parties' scheduling a status or scheduling conference to propose the next pre-trial schedule.

19. On June 25, 2021, the Court entered its Order on Motion to Dismiss, which granted in part and denied in part Alterra's motion to dismiss the Consolidated Complaint. (ECF No. 94.)

20. Pursuant to Magistrate Judge Crews's prior order, (ECF No. 87), counsel for all parties conferred by phone on June 30, 2021, to address next steps in the litigation, including setting a scheduling conference. After contacting Judge Crews's Chambers, the parties filed a Joint Motion to Set Scheduling Conference on July 2, 2021. (ECF No. 96.)

21. On July 5, 2021, Magistrate Judge Crews set the Rule 16(b) Scheduling Conference for August 12, 2021, with the parties' proposed scheduling order due by August 5, 2021. (ECF No. 98.)

22. Plaintiffs and Alterra agreed last week to hold their Rule 26(f) conference on July 21, 2021.

**ARGUMENT**

23. Given the convoluted procedural history in this case, and particularly the prior pre-trial schedules and Judge Crews's February 22 Order requiring the parties to set a status or

scheduling conference following a ruling on Alterra's motion to dismiss—effectively staying all pre-trial proceedings—there has been some confusion regarding the timing of Alterra's deadline to answer the Consolidated Complaint, and of Plaintiffs' potential filing of a motion for leave to amend. As a result of that confusion, undersigned counsel's paralegal responsible for docketing all deadlines in this case failed to docket the presumptive 14-day deadline under Rule 12(a)(4)(A) to answer following the denial of a motion to dismiss—and undersigned counsel did not realize this oversight until shortly after that deadline had passed.

24. Immediately upon becoming aware of this issue, undersigned counsel conferred with Plaintiffs' counsel by email on July 12, 2021, about setting a date for Plaintiffs' potential motion for leave to amend and resetting Alterra's deadline to answer, should Plaintiffs not so move. In this conferral, Plaintiffs' counsel informed undersigned counsel that Plaintiffs do not intend to seek leave to amend and do not oppose resetting Alterra's answer deadline to July 19, 2021.

25. To the extent this unopposed motion for extension is out of time, given the presumptive deadline in Rule 12(a)(4)(A), Alterra respectfully requests that the motion be granted under Rule 6(b)(1)(B) for excusable neglect. But for undersigned counsel's and their staff's inadvertent, though excusable, mistake in not docketing the default deadline under Rule 12(a)(4)(A), Alterra would have conferred with Plaintiffs' counsel to clarify or seek to extend the deadline to answer, or would have answered, before that presumptive deadline ended on July 9, 2021.

26. Plaintiffs will face no prejudice from an at most one-day delay in moving to extend, as confirmed by their not opposing the requested extension. With no prejudice to

Plaintiffs, Alterra's good-faith attempt to remedy the situation as soon as Alterra's counsel became aware of the mistake, and the very brief delay, Alterra has shown excusable neglect to grant the requested extension even out of time. *See, e.g., Mandy's Ltd. v. Salon and Beauty Source, Inc.*, 15-cv-01571-WYD-MJW, 2016 WL 1223061, at *2 (D. Colo. Mar. 29, 2016) (granting out-of-time motion to extend based on "miscalendaring of the deadline"); *Gemalto S.A. v. Cpi Card Group Inc.*, 15-02776-RM-MJW, 2016 WL 233394, at *2–4 (D. Colo. Jan. 20, 2016) (setting aside default for mistaken belief regarding time to answer complaint); *Let's Go Aero, Inc. v. Cequent Perf. Prods., Inc.*, 14-cv-01600-RM-MEH, 78 F. Supp. 3d 1363, 1373–74 (D. Colo. 2015) (setting aside default and granting additional time to answer complaint where delay was caused by misunderstanding of pre-trial orders).[1]

27. Good cause also exists for the requested extension of time, given the complexity of the case and number of claims. *See* Civ. Practice Standard IV.K.1. Good cause under Rule 6 "should be liberally construed to advance the goal of trying each case on the merits." *See Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016). Demonstrating good cause typically "requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." *Strope v. Collins*, 315 F. App'x 57, 61 (10th Cir. 2009) (internal quotation marks omitted). Despite the docketing error, Alterra has been diligent in attempting to meet all deadlines. Since receiving the Order on Motion to Dismiss, undersigned counsel has been diligently analyzing the Order, surviving claims, and Alterra's

---

[1] Although these later two cases arise in the default setting, courts should look to these standards in judging out-of-time motions for extension of deadlines that might otherwise result in default if not remedied. "The preferred disposition of any case is upon its merits and not through default." *Let's Go Aero*, 78 F. Supp. 3d at 1372.

defenses. And within days after the Order on Motion to Dismiss, on June 30, 2021, undersigned counsel conferred telephonically with Plaintiffs' counsel about setting a Scheduling Conference, in accordance with Judge Crews's Order, and the scope and content of the upcoming Rule 26(f) conference. Alterra and its counsel will continue to be diligent in attempting to meet all deadlines in this case.

28. The brief extension will allow Alterra sufficient time to prepare a consolidated answer, including its defenses, in light of the Court's Order on Motion to Dismiss. Undersigned counsel is diligently analyzing the significance of Plaintiffs' remaining allegations and claims in light of the Court's Order on Motion to Dismiss and requires more time to perform additional investigation and research to reasonably prepare an answer to the Consolidated Complaint. The requested extension—of 10 days from July 9, 2021 and 7 days from this motion—is reasonable under the circumstances.

29. Although Plaintiffs originally agreed to an extension through July 23, 2021, Alterra is requesting only an extension through July 19, 2021, so that its answer is on file before the parties' scheduled Rule 26(f) conference on July 21, 2021.

30. No party will be prejudiced by this extension, as demonstrated by Plaintiffs' consent to an even longer extension to July 23, 2021. Nor will the requested extension affect any trial or pre-trial dates, as no such dates are set. Justice will be served by allowing this extension of time.

31. Pursuant to D.C.COLO.LCivR 6.1, undersigned counsel certifies: Alterra has not previously sought an extension or continuance of its time to respond to or answer the Consolidated Complaint, and none have been granted. The undersigned counsel is

simultaneously serving a copy of this motion on its clients. This motion meets the requirements of D.C.COLO.LCivR 6.1.

For these reasons, Alterra requests that the Court grant an extension of time to answer the Consolidated Complaint up to and including July 19, 2021.

Dated:  July 12, 2021.                                    Respectfully submitted,

                                                          *s/ Kathryn A. Reilly*
Robert M. Schwartz                                        Kathryn A. Reilly
Shon Morgan                                               Andrew M. Unthank
Michael Williams                                          Natalie E. West
Quinn, Emanuel, Urquhart & Sullivan LLP                   Ryan W. Cooke
865 S. Figueroa Street, 10th Floor                        Wheeler Trigg O'Donnell LLP
Los Angeles, California  90017                            370 Seventeenth Street, Suite 4500
Telephone: (213) 443-3000                                 Denver, CO 80202
Facsimile: (213) 443-3100                                 Telephone:   303.244.1800
Email:   robertschwartz@quinnemanuel.com                  Facsimile:   303.244.1879
         shonmorgan@quinnemanuel.com                      Email:   reilly@wtotrial.com
         michaelwilliams@quinnemanuel.com                          unthank@wtotrial.com
                                                                   west@wtotrial.com
                                                                   cooke@wtotrial.com

*Attorneys for Defendants*


**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 12, 2021, I electronically filed the foregoing **UNOPPOSED MOTION FOR EXTENSION OF TIME** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

*s/ Kathryn A. Reilly*