## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 20-cv-01057-RM-SKC
  Consolidated for Pretrial:
  20-cv-01158-RM-SKC
  20-cv-01175-RM-SKC
  20-cv-01186-RM-SKC
  20-cv-01254-RM-SKC
  20-cv-01347-RM-SKC
  20-cv-01520-RM-SKC
  20-cv-01583-RM-SKC
  20-cv-01691-RM-SKC
  20-cv-01699-RM-SKC
  20-cv-02021-RM-SKC

TIMOTHY GOODRICH,
NOLTE MEHNERT,
GEORGE T. FARMER
JOSEPH PANGANIBAN,
ERIK ERNSTROM,
W. WALTER LAYMAN,
BRADLEY BRIAR, and
KERI REID, each individually and on behalf of all others similarly situated,

  Plaintiffs,

    v.

ALTERRA MOUNTAIN COMPANY,
ALTERRA MOUNTAIN COMPANY U.S. INC., and
IKON PASS INC.,

  Defendants.

---

## SCHEDULING ORDER

---

## 1.  DATE OF
## CONFERENCE
## AND APPEARANCES OF COUNSEL

A telephonic Scheduling Conference was held on August 12, 2021.   Appearing for Plaintiffs and the putative class was:  co-lead interim class counsel Simon Franzini, Jonas Jacobson, and Yeremey Krivoshey.  Appearing for Defendants were:  Katie Reilly, Ryan Cooke, and Michael Williams.

Counsel for Plaintiffs and the putative class are listed below:

Jonas Jacobson
Simon Franzini
Greg Dovel
Julien Adams
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, CA 90401
Telephone: (310) 656-7066

Yeremey Krivoshey
Scott Bursor
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455

Counsel for Defendants Alterra Mountain Company, Alterra Mountain Company U.S. Inc., and Ikon Pass Inc. are listed below:

Kathryn A. Reilly
Andrew M. Unthank
Natalie E. West
Ryan W. Cooke
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:   303.244.1879
Email:   reilly@wtotrial.com
        unthank@wtotrial.com
        west@wtotrial.com
        cooke@wtotrial.com

Robert M. Schwartz
Shon Morgan
Michael Williams
Quinn, Emanuel, Urquhart & Sullivan LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100
Email:   robertschwartz@quinnemanuel.com
        shonmorgan@quinnemanuel.com
        michaelwilliams@quinnemanuel.com

## 2.  STATEMENT OF
## JURISDICTION

The Court has subject matter jurisdiction over this action under 28 U.S.C. § 1332(d)(2)(A).

## 3.  STATEMENT OF CLAIMS AND
## DEFENSES

### a.  *Plaintiffs:*

Plaintiffs and hundreds of thousands of other skiers purchased Ikon passes for the 2019-2020 season.  In mid-March 2020, with months left in the ski season, ski resorts covered by the Ikon pass closed early as a result of the COVID-19 pandemic.  Despite not providing the promised skiing access, Defendants did not offer a refund (or even partial refund) on passes. Instead, Defendants kept all of skiers' money.  Plaintiffs brought this case on behalf of themselves and the hundreds of thousands of skiers who purchased Ikon ski passes for the 2019-2020 ski season, but did not get the full benefits they paid for.

On June 25, 2021, the Court issued its Order on Motion to Dismiss.  Dkt. No. 94.  The Court denied Defendant's motion to dismiss with respect to the following claims: breach of contract, violation of the California Consumer Legal Remedies Act (as to the request for monetary relief only), violation of the Illinois Consumer Fraud and Deceptive Business Practice Act (ICFA), and violation of the Wisconsin Deceptive Trade Practices Act.  Plaintiffs reserve their rights to appeal and/or seek reconsideration of the Court's order with respect to the claims that were dismissed in the June 25, 2021 order.

### b.  *Defendants:*

Each of Plaintiffs' claims turn on a false premise: that Defendants (together "Alterra") promised a guaranteed length ski season for 2019/20 Ikon pass holders and failed to deliver on that promise. Pass holders often prefer season passes for the chance they will ski enough days to realize discounts over recurrent single-day lift tickets. In exchange for that chance, pass holders assume the risk that they will not be able to ski as often as they hoped—because of work, snow, injury, pandemic, or other reason. Thus, a 2019/20 Ikon pass did not promise a season of any

particular length or even access to ski so long as there was sufficient snow on the ground. Instead, it provided unlimited access for pass holders to ski covered resorts as many days as they wished while they were open and operating for the 2019/20 season. That is what Alterra provided—for more than four months of unlimited skiing, until the pandemic ended the season by closing resorts to protect the safety of the public. Because Alterra delivered on its promise, Plaintiffs' claims all fail.

Plaintiffs' claims fail for other reasons, too. In addition to the reasons outlined in Alterra's motion to dismiss (ECF No. 73), even if Alterra had a continuing obligation to provide access to its resorts after the pandemic closed those resorts (it did not), Alterra's performance would be excused under the doctrines of impossibility and impracticability. Plaintiffs' statutory consumer-protection claims fail for much the same reason: no reasonable consumer would misunderstand the Ikon Pass to guarantee a particular length season, to provide access to closed resorts, or to require a refund because the 2019/20 season ended sooner than Plaintiffs hoped it would. Alterra also incorporates by reference the affirmative defenses set out in Alterra's Answer (ECF No. 102).

Further, Alterra has voluntarily provided substantial value to 2019/2020 Ikon pass holders—in the form of discounted renewal prices and, for pass holders who were unable to use their Ikon passes in the 2019/20 season, free pass rollovers—as well as enhanced adventure assurance policies for the 2020/21 season. Plaintiffs are not entitled to a refund of pass fees or any other damages.

Finally, Plaintiffs' claims are not suitable for class certification, because among other reasons, Plaintiffs cannot show the commonality and predominance necessary to certify the highly-individualized questions of formation and interpretation of Plaintiffs' claimed contract, or

the right to restitution or other damages.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

- Defendant Alterra Mountain Company is a Delaware corporation with its headquarters and principal place of business at 3501 Wazee St., Denver, Colorado 80216.

- Defendant Alterra Mountain Company U.S. Inc. is a Delaware corporation with its headquarters and principal place of business at 3501 Wazee St., Denver, Colorado 80216.

- Alterra Mountain Company U.S. Inc. is a fully-owned subsidiary of Alterra Mountain Company.

- Defendant Ikon Pass, Inc. is a Delaware Corporation with its headquarters and principal place of business at 3501 Wazee St., Denver, Colorado 80216.

- Ikon Pass, Inc. is a fully-owned subsidiary of Alterra Mountain Company.

## 5. COMPUTATION OF DAMAGES

*a. Plaintiffs.*

Plaintiffs seek damages proportionate to the value of lost Ikon pass benefits, for the 2019-20 season. Plaintiffs' detailed computation of damages will depend on discovery from Defendants and expert analysis and will be set forth in Plaintiffs' expert reports on damages.

*b. Defendants*

Plaintiffs have not suffered, nor will they suffer, any damages caused by any actionable conduct by Alterra. Alterra will respond to Plaintiffs' attempts to substantiate and calculate their claimed damages at an appropriate time.

### 6. REPORT OF PRECONFERENCE DISCOVERY
### AND MEETING UNDER FED. R. CIV. P. 26(f)

    *a.   Date of Rule 26(f) meeting.*

The Rule 26(f) meeting took place by teleconference on July 21, 2021.

    *b.   Names of each participant and party he/she represented.*

Present for Plaintiffs was Simon Franzini.  Present for Alterra were Katie Reilly, Ryan Cooke, and Michael Williams.

    *c.   Disclosures.*

Initial disclosures will be made by August 10, 2021.

    *d.   Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).*

The parties have agreed to extend the deadline for initial disclosures to August 10, 2021.

    *e.   Statement concerning any agreements to conduct informal discovery:*

Neither party has proposed any such agreement, but counsel will continue to discuss and revisit this topic as necessary.

    *f.   Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.*

The parties agree to use a unified exhibit numbering system.

The parties agree that depositions may be conducted by videoconference, at the election of the party that requested the deposition (or alternatively, by mutual agreement).  This procedure will reduce discovery costs.  Neither party will object to the admissibility of deposition testimony or video merely based on the fact that a deposition was conducted by videoconference.

g.   *Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.*

The parties anticipate that their claims and defenses may involve extensive electronically stored information.  The parties have reviewed the Court's Electronic Discovery Guidelines and Checklist ("ESI Guidelines"), and have agreed to take reasonable and necessary steps to preserve evidence relevant to the issues reasonably evident in this action.  The parties have discussed the desirability to enter into a stipulated protective order governing the production of electronically stored information and will endeavor to file the stipulated protective order within 30 days of the scheduling conference. The parties will work together to stipulate to an agreement governing the production of ESI within 30 days of the scheduling conference. Alterra has issued internal litigation hold notices and is taking reasonable steps to preserve documents and ESI.

h.   *Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.*

The parties will continue to consider and discuss the prospect of a private mediation.

## 7. CONSENT

The parties do not consent to the exercise of jurisdiction of a magistrate judge for all purposes.

## 8. DISCOVERY LIMITATIONS

In this section, the Parties propose that discovery limitations be applied "per side."  All Plaintiffs collectively are one "side" and all Defendants are one "side."

a.   *Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.*

The parties do not propose to exceed the limits of the Federal Rules for Interrogatories.

[Plaintiffs propose: 10 fact-witness depositions (excluding experts) per side. In addition to these limits, either side may take the deposition of any ski resort in the Ikon Pass network.]

[Defendants propose: in addition to party depositions, each side may depose 5 additional fact witnesses. Each side shall have the right to depose any named expert.] **Each side may serve 25 intterrogatories.**

    b.    *Limitations which any party proposes on the length of depositions.*

Neither party proposes to modify the presumptive limits contained in the Federal Rules.

    c.    *Limitations which any party proposes on the number of requests for production and/or requests for admission.*

The parties propose a limit of 25 requests for production of documents per side.

The parties propose a limit of 25 requests for admission (excluding authentication requests for admission) per side.  The parties propose that there be unlimited authentication requests for admission.

    d.    *Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:*

60 days before the fact discovery cutoff (**April 18, 2022**).

    e.    *Other Planning or Discovery Orders*

<u>Consultations during deposition breaks:</u> During depositions, witnesses are prohibited from conferring with their counsel while a question is pending, except for the purpose of determining whether to assert a privilege.  Witnesses may consult with their counsel during deposition breaks and recesses, and the substance of such consultations that would otherwise be protected from discovery by the attorney-client privilege or other applicable privilege or immunity from discovery will not be discoverable merely because the consultation took place during a deposition break or recess.

    <u>Stipulation regarding the authenticity of documents produced by either side</u>: The authenticity of any document produced by a Party to this case from its own records (as indicated on the face of the

document or by the context of the production) shall be presumed to be authentic under Federal Rule of

Civil Procedure 901 and its authenticity shall not be challenged by the Party producing it absent a good

faith basis to believe such document is not what it purports to be.  Except that all handwritten notes or

handwritten alterations to documents must be separately authenticated. This stipulation does not

preclude any Party in this Action from raising any other objection to the admissibility of any document

or from proceeding with a challenge to the authenticity of any such document, except that the

challenger will bear the burden of proving the lack of authenticity.

### 9.  CASE PLAN AND SCHEDULE

a. *Deadline for Joinder of Parties and Amendment of Pleadings:* 45 days after Rule 16

conference. **September 27, 2021**

b. *Fact Discovery Cut-off:* June 17, 2022.

*Expert Discovery Cut-off:* September 16, 2022

c. *Dispositive Motion Deadline:* December 2, 2022.

d. *Expert Witness Disclosure:*

1. The parties anticipate that they may designate experts on the following topics:

- damages;

- meteorology/snow conditions;

- materiality and consumer expectations/preferences;

- industry practices and norms; and

- in rebuttal.

2. The parties propose that each side be limited to five testifying expert witnesses,

other than rebuttal experts. The parties further agree that each side will be limited to one

testifying expert witness per field of expert testimony.

3.   The parties shall designate all experts, other than rebuttal experts, and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) by July 15, 2022.

4.   The parties shall designate all rebuttal experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) by August 19, 2022.

e.      *Identification of Persons to Be Deposed:*

Plaintiffs:

Below is a preliminary list of the persons Plaintiffs intend to depose based on their current knowledge.  As discovery progresses, Plaintiffs reserve the right to modify this list, including by adding additional persons to be deposed:

| Proposed Deponent | Estimated Length of Deposition |
|---|---|
| Defendants' 30(b)(6) witnesses | 5–7 hours |
| Rusty Gregory, Alterra CEO | 5–7 hours |
| Fact witnesses identified in Defendants' initial disclosures | 5-7 hours |
| 30(b)(6) witnesses for third-party ski resorts in the Ikon Pass network. | 3-6 hours |

Defendants:

Below is a preliminary list of the persons Alterra intends to depose based on its current knowledge. As discovery progresses, Alterra reserves the right to modify this list, including by adding additional persons to be deposed:

| Proposed Deponent | Estimated Length of Deposition |
|---|---|
| Timothy Goodrich, named Plaintiff | 5–7 hours |
| Nolte Mehnert, named Plaintiff | 5–7 hours |
| George T. Farmer, named Plaintiff | 5–7 hours |

| Joseph Panganiban, named Plaintiff | 5–7 hours |
|---|---|
| Joseph Panganiban's wife, who allegedly received a 2019/20 Ikon Pass from named Plaintiff Panganiban | 3-5 hours |
| Erik Ernstrom, named Plaintiff | 5–7 hours |
| W. Walter Layman, named Plaintiff | 5–7 hours |
| Bradley Briar, named Plaintiff | 5–7 hours |
| Keri Reid, named Plaintiff | 5–7 hours |
| Callan Kofoid, who allegedly received a 2019/20 Ikon Pass from named Plaintiff Reid | 3-5 hours |

       *f.*     *Additional Proposed Deadlines*

The parties will take reasonable steps to substantially complete document production by December 17, 2021.

The parties propose that the deadline for Plaintiffs to file their motion for class certification shall be on or before June 17, 2022.

## 10.  DATES FOR FURTHER CONFERENCES
### [To be filled out by Court]

*a.*  **Joint Status Report shall be filed no later than November 5, 2021.  Counsel shall refer to this Court's practice standards for specifics.**

*b.*  *A final pretrial conference will be held in this case on* **February 7, 2023 at 10:00 a.m.**  *A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.*

## 11.  OTHER SCHEDULING MATTERS

*a.*  *Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.*

The parties do not have any additional scheduling issues at this time.

*b.*  *Anticipated length of trial and whether trial is to the court or jury.*

The trial will be to a jury.  The parties anticipate that trial will last 7-10 court days.

c.   *Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.*

The parties do not know of any pretrial proceedings that would be more efficiently or economically conducted at these locations at this time.

## 12.  NOTICE TO COUNSEL

The parties filing motions for extension of time or continuances must comply with D. C. COLO. L. Civ. R. 6.1(c) by serving the motion contemporaneously upon the moving attorney's client. Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.  With respect to discovery disputes, parties must comply with D. C .COLO. L. Civ. R. 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The parties agree that the scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 12th day of August, 2021.

BY THE COURT:

*s/ S. Kato Crews*

United States Magistrate Judge

APPROVED:

Dated:  August 5, 2021.                          Respectfully submitted,


                                                 s/ Jonas Jacobson
_____

**BURSOR & FISHER, P.A.**                        **DOVEL & LUNER, LLP**
Yeremey Krivoshey                                Jonas Jacobson
Scott Bursor                                     Simon Franzini
1990 North California Blvd., Suite 940           Greg Dovel
Walnut Creek, CA 94596                           Julien Adams
Telephone: (925) 300-4455                        201 Santa Monica Blvd., Suite 600
Fax: (925) 407-2700                              Santa Monica, CA 90401
ykrivoshey@bursor.com                            Telephone: (310) 656-7066
scott@bursor.com                                 Fax: 310-656-7069
                                                 jonas@dovel.com
                                                 simon@dovel.com
                                                 greg@dovel.com
                                                 julien@dovel.com

                          *Interim Co-Lead Class Counsel*

                                                 s/ Kathryn A. Reilly (with permission)
_____
Robert M. Schwartz                               Kathryn A. Reilly
Shon Morgan                                      Andrew M. Unthank
Michael Williams                                 Natalie E. West
Quinn, Emanuel, Urquhart & Sullivan LLP          Ryan W. Cooke
865 S. Figueroa Street, 10th Floor               Wheeler Trigg O'Donnell LLP
Los Angeles, California  90017                   370 Seventeenth Street, Suite 4500
Telephone: (213) 443-3000                        Denver, CO 80202
Facsimile: (213) 443-3100                        Telephone:   303.244.1800
Email:   robertschwartz@quinnemanuel.com         Facsimile:   303.244.1879
         shonmorgan@quinnemanuel.com             Email:   reilly@wtotrial.com
         michaelwilliams@quinnemanuel.com                 unthank@wtotrial.com
                                                          west@wtotrial.com
                                                          cooke@wtotrial.com

                          *Attorneys for Defendants*