IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01057-RM-SKC
    Consolidated for Pretrial:
    20-cv-01158-RM-SKC          20-cv-01175-RM-SKC
    20-cv-01186-RM-SKC          20-cv-01254-RM-SKC
    20-cv-01347-RM-SKC          20-cv-01520-RM-SKC
    20-cv-01583-RM-SKC          20-cv-01691-RM-SKC
    20-cv-01699-RM-SKC          20-cv-02021-RM-SKC
    20-cv-02907-RM-SKC

TIMOTHY GOODRICH, NOLTE MEHNERT, GEORGE T. FARMER, JOSEPH
PANGANIBAN, ERIK ERNSTROM, W. WALTER LAYMAN, BRADLEY BRIAR,
and KERI REID, each individually and on behalf of all others similarly situated,
                Plaintiffs,

v.

ALTERRA MOUNTAIN COMPANY,
ALTERRA MOUNTAIN COMPANY U.S. INC., and
IKON PASS INC.,

            Defendants.

---

## DEFENDANTS' <u>UNOPPOSED</u> MOTION TO RESTRICT PUBLIC ACCESS

---

Defendants Alterra Mountain Company, Alterra Mountain Company U.S. Inc., and Ikon

Pass Inc. (collectively, "Alterra") move under Local Rule 7.2 for an order restricting public

access to confidential, sensitive, and trade-secret business information referenced in:

- Plaintiffs' Unopposed Motion for Preliminary Approval (ECF No. 125, "Approval Motion");

- The accompanying Declaration of Yeremey Krivoshey in Support of Unopposed Motion for Preliminary Approval (ECF No. 125-1, "Krivoshey Declaration");

- the accompanying Declaration of Steven Weisbrot, ESQ re: Angeion Group, LLC Qualifications and Implementation of the Notice Plan (ECF No. 125-2, "Angeion Declaration"); and

- the accompanying [Proposed] Preliminary Approval Order (ECF No. 125-3, "Proposed Order").[1]

Alterra seeks to restrict public access to all references in the Restricted Documents to the following:

(1) the number of Ikon Passes Alterra sold for the 2019/20 season;

(2) 2019/20 Ikon Pass usage data—that is, the number of pass holders who used their Ikon Passes to ski a certain number of days, by category; and

(3) annual Ikon Pass renewal rates.[2]

The portions of the Restricted Documents referencing this Confidential Information are reflected in the proposed redacted versions of each, attached as **Exhibit 1, Exhibit 2**, **Exhibit 3**, and **Exhibit 4**, respectively. Alterra requests that the Court file these redacted versions on the public docket. Alterra also requests that the Court restrict access to any references it makes to Confidential Information in future orders.

## CERTIFICATE OF CONFERRAL

Under Local Rule 7.1(a), undersigned counsel have conferred with counsel for Plaintiffs and may state Plaintiffs do not oppose the requested relief.

## PRELIMINARY STATEMENT

On August 17, 2022, Plaintiffs filed their Unopposed Motion for Preliminary Approval (ECF No. 125, "Approval Motion"). The Approval Motion was filed as "Restricted" under Local Rule 7.2 because it references Alterra's confidential, trade-secret business information about Ikon Pass sales, usage, and renewal rates. Alterra—like all privately owned ski resorts around the

---

[1] Alterra refers to these documents, collectively, as the "Restricted Documents."

[2] Alterra refers to the information to be restricted, collectively, as the "Confidential Information."

country—closely guards that information, which is key to Alterra's competitive standing in the market.

Alterra moves to preserve Level 1 restriction only as to those portions of the Restricted Documents that reference this Confidential Information. Alterra's interest in maintaining the limited restrictions far outweighs the public's interest in free access, because the Confidential Information is not relevant to the claims or the public's (including class members') ability to assess the terms and fairness of the proposed Settlement.[3]

## **ARGUMENT**

Although, "judicial documents are presumptively available to the public," the right to access is not absolute. *See United States v. McVeigh*, 119 F.3d 806, 811 (10th Cir. 1997) (citing *Nixon v. Warner Comms.*, 435 U.S. 589, 602 (1978)). Judicial documents "may be sealed if the right to access is outweighed by the interests favoring nondisclosure." *Id.* For instance, a court should seal materials "when they might be used 'as sources of business information that might harm a litigant's competitive standing.'" *Hershey v. ExxonMobil Oil Corp.*, 550 F.App'x 566, 574 (10th Cir. 2013) (citing *Nixon*, 435 U.S. at 598).

To help balance the public's interest with the private party's interest in restricting public access, a motion to restrict access must:

    (1) identify the document or the proceeding for which restriction is sought;

    (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);

---

[3] Capitalized terms not otherwise defined are given the same meaning ascribed to them in the Approval Motion.

      (3) identify a clearly defined and serious injury that would result if access is
not restricted;

      (4) explain why no alternative to restriction is practicable or why only
restriction will adequately protect the interest in question (e.g., redaction,
summarization, restricted access to exhibits or portions of exhibits); and

      (5) identify the level of restriction sought.

D.C.COLO.LCivR 7.2(c). Here, each factor favors restricting public access to the Confidential

Information, which does not affect the public's ability to meaningfully assess the Approval

Motion or Settlement.

> **A.     Alterra Seeks to Restrict Public Access Only to a Few References to
> Confidential Business Information.**

As discussed above, Alterra seeks to restrict public access only to a few references to

Alterra's confidential and highly sensitive business information in the Restricted Documents.

Because the restriction will redact only these few references, the vast bulk of the Approval

Motion and papers will be open to public inspection. *See* Exhibits 1–4. This limited restriction,

narrowly tailored to Alterra's Confidential Information, will allow the public to fully understand

the substance of the Approval Motion and Settlement. *See infra* Part B.

> **B.     The Balance of Interests Favors the Limited Restriction.**

The public's interest in access is minimal when, as here, the documents or information to

be restricted do not affect the public's ability to understand and monitor the proceedings. *See*

*Whitaker v. Silver Key Bd. of Directors*, No. 19-cv-01052-RBJ-KMT, 2020 WL 2041349, at *2

(D. Colo. Apr. 28, 2020) (recognizing that the public has a far lesser interest in "access to

information that is not relevant to the merits of the case"). In other words, because the right of

access is grounded in the public's right to monitor the integrity of the courts, that right is not

advanced by access to information that is extraneous and irrelevant to the merits of a decision

and so immaterial to the monitoring. *See Doe v. Boulder Valley Sch. Dist. No. RE-2*, No. 11-cv-02107-PAB, 2011 WL 3820781, at *1 (D. Colo. Aug. 30, 2011). Here, the Confidential Information is provided mostly as background for the Court, to contextualize the settlement and notice plan, but is not relevant to the terms or fairness of the proposed Settlement or to an individual Settlement Class Member's decision to participate in the settlement. Thus, the public interest to overcome is weaker here than in most cases. *See*, *e.g.*, *Whitaker*, 2020 WL 2041349, at *2 (holding a private interest in keeping certain records sealed "heavily outweighs" the public's interest in access to irrelevant information).

On the other hand, Alterra's interest in restricting access to the Confidential Information is overriding. The number of Ikon Passes Alterra sells and its revenue; pass holder usage (number of days skied using the pass); and annual Ikon Pass renewal rates is proprietary, trade-secret information that Alterra—like all privately owned ski resorts—keeps strictly confidential. Among other factors, this Confidential Information animates Alterra's product, pricing and sales strategy, and allows Alterra to remain competitive in highly competitive regional markets, including Colorado, California, and the Pacific Northwest, as well as around the country and world. If disclosed, competitors in these markets would use this sensitive information to advance their competing season-long, multi-day, and single-day lift passes to Alterra's detriment, eroding Alterra's market share and causing Alterra serious irreparable competitive harm..

Indeed, even one prominent publicly traded ski resort company—which must disclose pass sales in its SEC reporting—aggregates its single-day and multi-day pass sales figures

together with its season-long pass sales figures so as not to disclose product-level pass sales.[4] In other words, unrestricting the Confidential Information here would essentially hold Alterra to a higher disclosure standard than the SEC requires of its publicly traded competitors. That is to say nothing of Alterra's pass holder usage data and renewal rates, which its publicly traded competitors need not disclose at all.

"Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." *SBM Site Servs., LLC v. Garrett*, No. 10-cv-00385-WJM-BNB, 2011 WL 1375117, at *3 (D. Colo. Apr. 12, 2011) (citing *Nixon*, 435 U.S. at 598); *see also Peterson v. Nelnet Diversified Sols., LLC*, No. 17-cv-01064-NYW, 2020 WL 3978756, at *9 (D. Colo. May 20, 2020) (similar). Alterra's strong interest in restricting access to the Confidential Information to protect its competitive business standing *easily* outweighs the slight public interest in access to irrelevant information with no bearing on the substance of the Approval Motion or proposed Settlement.

### C.    Alterra Will Suffer Serious Injury If Access Is Not Restricted.

The disclosure of Alterra's highly sensitive, trade-secret business metrics would harm Alterra's position in a highly competitive market. Alterra competes directly with countless ski resorts around the country offering competing season-long, multi- and single-day passes and lift tickets. Any of those competitors could—and would—use the number of Ikon Passes Alterra sells, the stratified usage data of its pass holders across the different Ikon pass products, and the annual renewal rates to undercut Alterra's consumer base and market share. After all, this is the

---

[4] *See, e.g.*, Vail Resorts 8-K from December 2021, https://investors.vailresorts.com/static-files/d73b4649-bede-4e05-bfdd-bd3e115405a2, last visited on August 25, 2022.

same data Alterra uses to design and price its own pass products in the market; its competitors would jump at the chance to do the same. This is presumably why even publicly traded ski resort companies, which must disclose their financials under the SEC's regular reporting regime, disclose only aggregate pass sales and not pass sales by product type—let alone the usage data and renewal rates referenced in the Restricted Documents. The extent to which Alterra and its competitors guard this information is itself evidence of the serious harms that disclosure of this information would cause to Alterra.

These harms are serious and real for Alterra, but also easily avoided by the restriction requested here. *See SBM Site Servs., LLC*, 2011 WL 1375117, at *3 ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing." (citing *Nixon*, 435 U.S. at 598)); *see also Peterson*, 2020 WL 3978756, at *9 (similar).

**D.    Only the Proposed Tailored Restriction Will Adequately Protect Alterra's Confidential Information.**

Alterra does not ask the Court to restrict the entire Approval Motion or accompanying papers from public access. Instead, Alterra has limited the requested restriction to redact only those few references to Confidential Information within the Restricted Documents. *See* Exhibits 1–4. This narrowly tailored restriction will permit the public to monitor, review, and evaluate the proceedings and proposed Settlement, while also protecting Alterra from real and serious competitive harm. There is no less restrictive way to protect the Confidential Information from disclosure than to keep the Confidential Information—but nothing else—sealed.

E.       **Alterra Requests Only Level 1 Restriction.**

Alterra seeks only a Level 1 restriction, which limits access to the parties to the action and to the Court. This is the least restrictive option. *See* D.C.COLO.LCivR 7.2(b).

## CONCLUSION

For these reasons, Alterra asks the Court to grant this Unopposed Motion to Restrict Public Access and maintain Level 1 restriction over references to Confidential Information within the Restricted Documents (ECF Nos. 125, 125-1, 125-2, and 125-3), as shown in the proposed redacted versions of those documents attached as Exhibits 1–4. Alterra requests that the Court file these redacted versions (Exhibits 1–4) on the public docket.

Alterra also requests that the Court restrict access to any references it makes to Confidential Information in future orders.

Dated:  August 25, 2022.                              Respectfully submitted,


                                                      *s/ Ryan W. Cooke*
                                                      _____

Robert M. Schwartz                                    Kathryn A. Reilly
Shon Morgan                                           Andrew M. Unthank
Michael Williams                                      Natalie E. West
Quinn, Emanuel, Urquhart & Sullivan LLP               Ryan W. Cooke
865 S. Figueroa Street, 10th Floor                    Wheeler Trigg O'Donnell LLP
Los Angeles, California  90017                        370 Seventeenth Street, Suite 4500
Telephone: (213) 443-3000                             Denver, CO 80202
Facsimile: (213) 443-3100                             Telephone:   303.244.1800
Email:   robertschwartz@quinnemanuel.com              Facsimile:    303.244.1879
          shonmorgan@quinnemanuel.com                 Email:   reilly@wtotrial.com
          michaelwilliams@quinnemanuel.com                      unthank@wtotrial.com
                                                                west@wtotrial.com
                                                                cooke@wtotrial.com

*Attorneys for Defendants*

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on August 25, 2022, I electronically filed the foregoing **DEFENDANTS' <u>UNOPPOSED</u> MOTION TO RESTRICT PUBLIC ACCESS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

*s/ Ryan W. Cooke*