IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:20-cv-01057-RM-SKC
Consolidated for Pretrial:
20-cv-01158-RM-SKC      20-cv-01175-RM-SKC
20-cv-01186-RM-SKC      20-cv-01254-RM-SKC
20-cv-01347-RM-SKC      20-cv-01520-RM-SKC
20-cv-01583-RM-SKC      20-cv-01691-RM-SKC
20-cv-01699-RM-SKC      20-cv-02021-RM-SKC
20-cv-02907-RM-SKC

TIMOTHY GOODRICH, NOLTE MEHNERT, GEORGE T. FARMER, JOSEPH PANGANIBAN, ERIK ERNSTROM, W. WALTER LAYMAN, BRADLEY BRIAR, and KERI REID, each individually and on behalf of all others similarly situated,

    Plaintiffs,

v.

ALTERRA MOUNTAIN COMPANY,
ALTERRA MOUNTAIN COMPANY U.S. INC., and
IKON PASS INC.,

    Defendants.

---

## DEFENDANTS' <u>UNOPPOSED</u> MOTION TO AMEND THE PROTECTIVE ORDER

---

Defendants Alterra Mountain Company, Alterra Mountain Company U.S. Inc., and Ikon Pass Inc. (collectively, "Alterra") submit this Unopposed Motion to Amend the Protective Order entered on September 22, 2021 (ECF No. 109), to apply a heightened Highly Confidential – Attorneys' Eyes Only designation to three analyses containing highly competitive business information provided to Plaintiffs' counsel in the course of confirmatory discovery.

### CERTIFICATE OF CONFERRAL

Under Local Rule 7.1(a), undersigned counsel have conferred with counsel for Plaintiffs and may state Plaintiffs do not oppose the requested relief.

## PRELIMINARY STATEMENT

On September 22, 2021, this Court entered a Protective Order "to prevent dissemination and unnecessary disclosure" of information to the public, including "information about Ikon pass sales, revenue, and other financial figures, strategic decision-making information, marketing and sales information, confidential prices and other terms of contracts between the parties and non-parties, among other sensitive commercial information[.]" (*See* Protective Order, ECF No. 109.) In entering the Protective Order, the Court struck references to an umbrella second-level "Highly Confidential – Attorney's Eyes Only" designation, but in doing so, directed the Parties to seek that higher level designation on a case-by-case basis. (ECF No. 109, Docket Text.)

During confirmatory discovery, Alterra produced to Plaintiffs' counsel three documents containing analyses of confidential, highly sensitive, and trade-secret business metrics to further and ultimately conclude settlement discussions. (*See* Unopposed Motion for Preliminary Approval, ECF No. 125 at 7.) The confidential business information includes:

- Ikon Pass gross annual sales revenue for the 2018/19, 2019/20, and 2020/21 sales seasons;

- The number of Ikon Passes sold for the 2018/19, 2019/20, and 2020/21 seasons;

- Ikon Pass usage data (i.e., number of days each segment of pass holders used their Ikon Pass to ski) for the 2018/19, 2019/20, and 2020/21 seasons; and

- Ikon Pass annual renewal rates for the 2018/19, 2019/20, 2020/21, and 2021/22 seasons.[1]

---

[1] Alterra refers to this information, collectively, as the "Highly Confidential Business Information."

Alterra provided this information to Plaintiffs' counsel as CONFIDENTIAL under the governing protective order (ECF No. 109), and with Plaintiffs' counsel's agreement to treat the information as attorneys' eyes only pending this motion.

Like all privately owned ski resorts, Alterra closely guards this Highly Confidential Business Information, which animates Alterra's product, pricing, and sales strategies. Any dissemination beyond the protected disclosure to Plaintiffs' counsel threatens immediate, irreparable, and serious competitive harm to Alterra, which competes with countless competitors around the country and world based on a number of factors, including pricing and various product offerings. To avoid this serious irreparable competitive harm, and because any disclosure beyond the limited and protected production to Plaintiffs' counsel is unnecessary, Alterra requests this Court amend the Protective Order to extend a "Highly Confidential – Attorney's Eyes Only" designation to the Highly Confidential Business Information. A proposed Amended Protective Order is attached as **Exhibit 1**, with the proposed changes reflected in redlining in **Exhibit 2**.

## ARGUMENT

### A.  The Court May Amend the Protective Order under the Highly Discretionary "Good Cause" Test.

Federal Rule of Civil Procedure 26(c) provides that, for "good cause," a court may issue a protective order regarding discovery "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Such order may, among other things, forbid the disclosure of discovery. *See* Fed.R.Civ.P. 26(c)(1)(A). In the same vein, Courts have inherent power to modify existing protective orders. *United Nuclear Corp. v. Cranford Ins. Co.*,

3

905 F.2d 1424, 1427 (10th Cir. 1990). The "modification of a protective order, like its original entry, is left to the sound discretion of the district court." *Id.*

The "good cause" standard of Rule 26(c) is "highly flexible, having been designed to accommodate all relevant interests as they arise." *Rohrbough v. Harris*, 549 F.3d 1313, 1321 (10th Cir. 2008) (citing *United States v. Microsoft Corp.*, 165 F.3d 952, 959 (D.C.Cir.1999)). Generally, the standard "requires the court to balance the party's need for the information against the injury which might result from unrestricted disclosure." *Exum v. U.S. Olympic Comm.*, 209 F.R.D. 201, 206 (D. Colo. 2002).

### B. Good Cause Exists To Amend The Protective Order To Add The Limited "Highly Confidential – Attorney's Eyes Only" Designation.

"The disclosure of confidential information on an 'attorneys' eyes only' basis is a routine feature of civil litigation involving trade secrets," *Paycom Payroll, LLC v. Richison*, 758 F.3d 1198, 1202 (10th Cir. 2014), or otherwise competitive business information. *See All Plastic, Inc. v. SamDan LLC*, No. 20-CV-01318-NYW, 2021 WL 2979005, at *3 (D. Colo. Feb. 15, 2021) (holding "attorneys eyes only" designation not limited to established trade secrets); *see also, e.g., Leadholm v. City of Com. City, Colorado*, No. 16-CV-02786-MEH, 2017 WL 5495796, at *3 (D. Colo. Nov. 16, 2017) (allowing "attorneys' eyes only" designation for documents contained in a federal audit). To that end, Courts around the country and in this District routinely find "it is appropriate for Defendants to designate competitive information that has been maintained as confidential and that might provide a business advantage to a direct competitor, such as customer and supplier identification and communications, invoices, and sales information, as 'Confidential-Attorney's Eyes Only.'" *See All Plastic, Inc.*, 2021 WL 2979005, at *5.

4

Here, as part of its confirmatory discovery during settlement negotiations, Alterra produced to Plaintiffs' counsel three analyses of Alterra's Ikon Pass sales, revenue, usage, and renewal data that animate Alterra's product, sales and pricing strategies, especially in highly competitive regional markets such as Colorado, California, and the Pacific Northwest and are maintained as highly confidential trade secrets. The number of Ikon Passes that Alterra sells and its pass sales revenue; pass holder usage (number of days skied using the pass); and annual Ikon Pass renewal rates is proprietary, trade-secret information that Alterra—like all privately owned ski resorts—keeps strictly confidential. Among other things, this information animates Alterra's pricing and sales strategy in highly competitive regional markets, and allows Alterra to remain competitive in these regional markets and around the country and world. If disclosed, competitors could and would use this sensitive information to price and scope their competing season-long, multi-day, and single-day lift passes, which would erode Alterra's market share in these markets and cause Alterra serious irreparable competitive harm.

Indeed, even one prominent publicly traded ski resort company—which must disclose pass sales in its SEC reporting—aggregates its single-day and multi-day pass sales figures together with its season-long pass sales figures so as not to disclose product-level pass sales.[2] In other words, not extending attorneys' eyes only protection to the Highly Confidential Business Information would essentially hold Alterra to a higher disclosure standard than the SEC requires of its publicly traded competitors. That is to say nothing of Alterra's pass holder usage data and renewal rates, which its publicly traded competitors need not disclose at all. The extent to which

---

[2] *See, e.g.*, Vail Resorts 8-K from December 2021, https://investors.vailresorts.com/static-files/d73b4649-bede-4e05-bfdd-bd3e115405a2, last visited on August 25, 2022.

Alterra and its competitors guard this information is itself evidence of the serious harms that disclosure of this information would cause to Alterra.

Whereas this Highly Confidential Business Information is crucial to Alterra's business operations and competitive standing, neither Plaintiffs nor potential Settlement Class Members have any legitimate need for it.[3] That is evidenced by Plaintiffs' agreeing to the requested "Highly Confidential – Attorney's Eyes Only" designation. Thus, Alterra's interest in designating this information "Highly Confidential – Attorney's Eyes Only" is overriding.

## **CONCLUSION**

Because Alterra has a significant interest in preserving the strict confidentiality of its strategic and trade-secret business metrics, Alterra requests this Court amend the Protective Order to extend the "Highly Confidential – Attorney's Eyes Only" designation to the three documents containing Highly Confidential Business Information, as set out in the proposed Amended Protective Order, attached as Exhibit 1.

---

[3] Capitalized terms not otherwise defined are given the same meaning ascribed to them in Plaintiffs' Unopposed Motion for Preliminary Approval (ECF No. 125, "Approval Motion").

Dated:  August 25, 2022.                                    Respectfully submitted,


|  | |
|---|---|
|  | *s/ Ryan W. Cooke* |
| Robert M. Schwartz | Kathryn A. Reilly |
| Shon Morgan | Andrew M. Unthank |
| Michael Williams | Natalie E. West |
| Quinn, Emanuel, Urquhart & Sullivan LLP | Ryan W. Cooke |
| 865 S. Figueroa Street, 10th Floor | Wheeler Trigg O'Donnell LLP |
| Los Angeles, California  90017 | 370 Seventeenth Street, Suite 4500 |
| Telephone: (213) 443-3000 | Denver, CO 80202 |
| Facsimile: (213) 443-3100 | Telephone:   303.244.1800 |
| Email:    robertschwartz@quinnemanuel.com | Facsimile:    303.244.1879 |
|             shonmorgan@quinnemanuel.com | Email:    reilly@wtotrial.com |
|             michaelwilliams@quinnemanuel.com |             unthank@wtotrial.com |
|  |             west@wtotrial.com |
|  |             cooke@wtotrial.com |

*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on August 25, 2022, I electronically filed the foregoing **DEFENDANTS' UNOPPOSED MOTION TO AMEND PROTECTIVE ORDER** with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record:

    *s/ Ryan W. Cooke*