**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Raymond P. Moore**

Civil Action No. 1:20-cv-01057-RM-SKC

ROBERT STEPHEN KRAMER, Individually and On Behalf of All Others Similarly Situated,

   Plaintiffs,

v.

ALTERRA MOUNTAIN COMPANY and
IKON PASS INC.,

   Defendants.

---

## PRELIMINARY APPROVAL ORDER

---

   This matter is before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of the Class Action Settlement ("Motion for Preliminary Approval") that Plaintiffs Timothy Goodrich, Nolte Mehnert, George T. Farmer, Erik Ernstrom, W. Walter Layman, Bradley Briar, and Keri Reid (collectively "Plaintiffs" or "Class Representatives") have reached, individually and on behalf of all others similarly situated, (the "Settlement Class") with Defendants, Alterra Mountain Company, Alterra Mountain Company U.S. Inc., and Ikon Pass Inc. (together, "Alterra" or "Defendants"). The Parties ask the Court to (1) preliminarily approve the Class Action Settlement Agreement and Release (the "Settlement Agreement") [1]; (2) finally certify the Rule 23 Class for purposes of settlement only; (3) appoint Class Counsel and Class Representatives; (4) appoint the Settlement Administrator; (5) approve the form and manner of providing notice to the Settlement Class; and (6) schedule a Final Fairness Hearing. In

---

[1] Unless otherwise stated, all defined terms herein have the meaning given to such terms in the Settlement Agreement.

connection with that Motion, the Court has considered and reviewed the Motion for Preliminary Approval, along with its accompanying declarations and other materials as well as the Settlement Agreement and its exhibits. The Court has also considered the arguments of counsel as well as the pleadings and record in this case. As part of the Settlement Agreement, Alterra is not objecting to the certification of the Settlement Class for settlement purposes only.

For the reasons below, the Court grants the Motion for Preliminary Approval. The Court also certifies the Settlement Class for settlement purposes only, appoints Class Counsel, Class Representatives, and the Settlement Administrator, and approves the manner and form, as modified, of providing notice to the Settlement Class. Finally, the Court sets a Final Fairness Hearing.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs filed 12 putative class-action lawsuits, since consolidated, alleging the 2019/20 ski season was ended prematurely by Alterra due to COVID-19 and that 2019/20 Ikon Pass holders are entitled to damages stemming from their pass purchases, because they allegedly did not receive the full ski season they bargained for.[2]

On September 4, 2020, with the consent of Alterra and the Court, the Plaintiffs filed a Consolidated Class Action Complaint. (ECF No. 66 ("Consolidated Complaint")). And on

---

[2] *See Kramer v. Alterra Mountain Co. and Ikon Pass Inc.*, Case No. 1:20-cv-01057-RM-SKC (D. Colo.); *Eckert v. Alterra Mountain Company and Ikon Pass, Inc.*, Case No. 1:20-cv-01158-RM-SKC (D. Colo.); *Farmer v. Alterra Mountain Company U.S. Inc. and Ikon Pass Inc.*, Case No. 1:20-cv-01175-RM-SKC (D. Colo.); *Cleaver v. Alterra Mountain Company and Ikon Pass Inc.*, Case No. 1:20-cv-01186-RM-SKC (D. Colo.); *Werner et al. v. Alterra Mountain Company and Ikon Pass Inc.*, Case No. 1:20-cv-01254-RM-SKC (D. Colo.); *Steijn et al. v. Alterra Mountain Company U.S. Inc.*, Case No. 1:20-cv-01347-RM-SKC (D. Colo.); *Blum v. Alterra Mountain Co.*, Case No. 1:20-cv-01520-RM-SCK (D. Colo.); *Kress v. Alterra Mountain Co. U.S. Inc.*, Case No. 1:20-cv-01583-RM-SKC (D. Colo.); *Simpson v. Alterra Mountain Company*, Case No. 1:20-cv-01691-RM-SKC (D. Colo.); *Du v. Alterra Mountain Co. U.S. Inc.*, Case No. 1:20-cv-01699-RM-SKC (D. Colo.); *Christiansen v. Alterra Mountain Co.*, Case No. 1:20-cv-02021-RM-SKC (D. Colo.); and *Goldsmith v. Alterra Mountain Co.*, Case No. 1:20-cv-02907-RM (D. Colo), (together, the "Consolidated Cases").

October 16, 2020, Alterra moved to dismiss the Consolidated Complaint, (ECF No. 73), which on June 25, 2021, the Court granted in part and denied in part (ECF No. 94).

In that Order on Motion to Dismiss, the Court dismissed Claim 2 for Breach of Implied Duty of Good Faith and Fair Dealing; Claim 3 for Unjust Enrichment; Claim 5 for Money Had and Received; Claim 6 for Violation of California Unfair Competition Law; Claim 7 for Violation of California Consumer Legal Remedies Act (as to nonmonetary relief); Claim 8 for Violation of California False Advertising Law; and Claim 9 for Violation of Illinois Consumer Fraud and Deceptive Business Practice Act (to the extent Plaintiffs sought relief under the Illinois Uniform Deceptive Trade Practices Act) (ECF No. 94 at 30–31). The Court denied the Motion to Dismiss as to Claim 1 for Breach of Contract; Claim 7 for Violation of California Consumer Legal Remedies Act (as to monetary relief); Claim 9 for Violation of Illinois Consumer Fraud and Deceptive Business Practice Act ("ICFA"); and Claim 10 for Violation of Wisconsin Deceptive Trade Practices Act (*Id.*)

In addition to the above-referenced motion practice, and as described in the Motion for Preliminary Approval, this Settlement is the product of hard-fought litigation and arm's length negotiations, which included:

(1) Plaintiffs' retaining three knowledgeable and qualified experts: two snow-condition experts to analyze the alleged lost portion of the ski season, and one economist to calculate claimed damages;

(2) Defendants' retaining one knowledgeable and qualified expert to analyze millions of pieces of data regarding Ikon Pass purchases and usage;

(3) negotiating a protective order, order governing electronically stored information, and other case management orders consolidating and coordinating litigation and schedules across all cases;

(4) conducting significant fact discovery, including Plaintiffs' propounding, and Alterra's responding to, 12 interrogatories and 15 requests for production; Plaintiffs' serving three third-party subpoenas to produce documents; and Alterra's production of millions of records of Ikon Pass purchase and usage data;

(5) mediating in one full-day session (on January 24, 2022) before a highly regarded Judicate West mediator, Jill R. Sperber, Esq., with substantial experience in class-action—and specifically, COVID-19-related class action—litigation;

(6) many subsequent months of arm's length negotiations between experienced class-action counsel for Alterra and Plaintiffs, with the help of a mediator; and

(7) confirmatory discovery taken by Plaintiffs of Alterra to confirm critical facts in support of the Settlement.

## II.    SETTLEMENT TERMS

### A.    The Proposed Settlement Class

The Settlement Agreement contemplates certification of the following Settlement Class for settlement purposes only:

> all persons in the United States and its territories who (a) purchased any form of Ikon Pass for the 2019/20 season; or (b) received as a gift, from a donor meeting those requirements, any form of Ikon Pass not used by the donor or by anyone else after the donor purchased the Ikon Pass and before the donor gave the Ikon Pass to the Settlement Class Member; and who used their Ikon Pass for mountain access to any Ikon Resort on one or more days on or before March 15, 2020.

> Each Settlement Class Member must have been either (c) a primary Ikon Pass holder; or (d) an Ikon Pass holder associated with a primary Ikon Pass holder's account (e.g., family or other household member), on or before March 15, 2020.

Excluded from the Settlement Class are (e) purchasers of any form of Ikon Pass for the 2019/20 season or (f) recipients of a gift, from a donor meeting those requirements, of any form of Ikon Pass not used by the donor or by anyone else after the donor purchased the Ikon Pass and before the donor gave the Ikon Pass to the Settlement Class Member, who did not use their Ikon Pass for mountain access to any Ikon Resort on or before March 15, 2020. Also excluded from the Settlement Class are (g) all persons who previously received a 2019/20 Ikon Pass as a complimentary gift from Alterra.

The Settlement Class also excludes (1) officers, directors, and employees of Defendants and their parents and subsidiaries; (2) insurers of Class Members; (3) subrogees or all entities that claim to be subrogated to the rights of a 2019/20 Ikon Pass purchaser, a 2019/20 Ikon Pass holder, or a Class Member; and (4) all third-party issuers or providers of insurance for the 2019/20 Ikon Passes.

### B.  Benefits to the Settlement Class

As described in detail in the Settlement Agreement, Settlement Class Members are eligible for the benefits described below:

**Pass Credits.** Every Settlement Class Member who used their 2019/20 Ikon Pass to access an Ikon Resort a total of one or more days on or before March 15, 2020, is entitled to a Pass Credit. A Pass Credit may be used toward the purchase of any Ikon Pass product for the 2023/24 or 2024/25 Ski Seasons. Pass Credits will be applied in the following amounts:

1. A single $150 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 1 day;

2. A single $125 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 2 days;

3. A single $100 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 3 days;

4.  A single $50 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 4 days;

5.  A single $20 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 5 or 6 days; and

6.  A single $10 Pass Credit for Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort 7 or more days.

Every Class Member (who does not elect to receive a Lift Product Voucher instead, as discussed below) will automatically receive the appropriate Pass Credit amount in their online Ikon Pass holder account, without any requirement to fill out a claim form or take any other affirmative action.

The Court finds, based on the Parties review of, and representations about, Settlement Class member data, that the aggregate total value of available Pass Credits is approximately $17.5 million.

**Lift Product Vouchers.** Rather than receive a Pass Credit, Settlement Class Members may instead elect to receive a Lift Product Voucher, which may be applied toward the purchase and use of one daily lift ticket at any single Alterra Mountain Company-owned or operated resort on or before July 31, 2025. The Lift Product Voucher may be redeemed and applied toward a lift ticket purchase made online through the applicable Alterra Mountain Company-owned or operated resort's website or walk-up window. Lift Product Vouchers are available in the following amounts:

1.  Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 1 day may elect to receive one 50% Lift Product Voucher;

2.  Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 2 days may elect to receive one 40% Lift Product Voucher;

3.  Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 3 days may elect to receive one 30% Lift Product Voucher;

4.      Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 4 days may elect to receive one 25% Lift Product Voucher; and

5.      Settlement Class Members who used their 2019/20 Ikon Pass to access an Ikon Resort exactly 5 or more days may elect to receive one 20% Lift Product Voucher.

The Lift Product Voucher is fully transferrable and may be resold once by each Settlement Class Member recipient. To elect to receive a Lift Product Voucher instead of a Pass Credit, a Settlement Class Member must submit a properly completed claim form by the deadline, 90 days after the Settlement Class is notified regarding the terms of the Settlement Agreement. The election must include, among other information, the name, address, and email address associated with their Ikon pass holder account.

### C.      Settlement Administrator and Administration Costs

The Parties ask that the Court approve their choice of Angeion Group, LLC ("Angeion") as the Settlement Administrator. They note that Angeion is a leading class action administration firm in the United States. Alterra has agreed to pay for reasonable Administration and Notice expenses. Alterra's payment of notice and administration expenses is entirely separate and apart from the benefits provided to the Settlement Class and will have no impact on the recovery received by Settlement Class Members.

### D.      Class Member Release

As further defined in Section IX of the Settlement Agreement, in exchange for the benefits conferred by the Settlement, all Settlement Class Members will be deemed to have released the Defendants from all claims that were or could have been asserted by the Class Representatives or Settlement Class Members, through the date of this Order, arising out of or relating to the 2019/20 Ikon Passes or the closure of any Ikon Resorts for the 2019/20 Season.

### E.      Proposed Notice Plan

The Notice Plan will include notices substantially in the form of Exhibits A–C to the

Settlement Agreement.

The Settlement Agreement requires the parties to notify Settlement Class Members of the

Settlement by (a) emailing the Summary Notice to all members of the Settlement Class for

whom valid email addresses are known to Alterra (which should be the majority of Settlement

Class Members, as all primary Ikon Pass holders must provide their email at purchase), and

(b) mailing, by first class US mail, the Summary Notice to all Settlement Class Members for

whom email notice bounces back or is undeliverable. The Settlement Administrator will use a

reverse look-up service to obtain additional email addresses, as needed, and email the Summary

Notice to all members of the Settlement Class for whom an email can be identified through the

reverse look-up service. The Settlement Administrator will also perform a national change of

address search and forward notice packages that are returned by the U.S. Postal Service with a

forwarding address.

In addition, the Settlement Agreement provides that the Settlement Administrator will

create a Settlement Website that will include all necessary and pertinent information for

Settlement Class Members, including (1) a list of frequently asked questions and answers

providing detailed information about the settlement and the process to make claims, object, or

opt out; (2) a claim form allowing Settlement Class members to submit claims online; (3) a

contact information page with contact information for the Settlement Administrator, and

addresses and telephone numbers for Class Counsel and Defendant's Counsel; (4) the Settlement

Agreement; (5) the signed Preliminary Approval Order and publicly filed motion papers and

declarations in support thereof; (6) the Consolidated Complaint; (7) upon filing, the Fee and

Service Award Application, the motion for entry of the Final Approval Order, and any motion

papers and declarations filed publicly in support thereof; and (8) relevant deadlines, including deadlines to opt-out or object to the Settlement Agreement. The Settlement Administrator will post on the Settlement Website the Claim Form and the Settlement FAQ (together with the Summary Notice, the "Notice Materials"). Prior to the dissemination of the Summary Notice, the Parties also represent that the Settlement Administrator shall establish a toll-free telephone number through which Class Members may obtain information about the Litigation, obtain answers to frequently asked questions, and request a mailed copy of the Claim Form, pursuant to the terms and conditions of the Settlement Agreement.

Among other items, the Summary Notice filed with the Court includes the following information: (1) a plain and concise description of the Action and the proposed Settlement; (2) the definition of the Settlement Class; (3) the right of Settlement Class Members to request exclusion from the Settlement Class or to object to the Settlement Agreement and the timing and method for doing so; (4) the right of the Settlement Class Members to enter appearances with an attorney should they choose to do so; (5) the binding effect of the Settlement Agreement; (6) specifics on the date, time and place of the Final Approval Hearing; and (7) information regarding Class Counsel's anticipated fee application and the anticipated request for the Class Representatives' service awards. The Summary Notice also directs Class Members to the Settlement Website and the toll-free number for additional information. The remaining Notice Materials also cover all of the above matters and give additional context and detail to Class Members with regard to each point.

### F.    Opt-Outs and Objections

The Notice Materials will advise Settlement Class Members of their right to opt out of the Settlement or to object to the Settlement and/or to Class Counsel's application for attorney

fees, costs, and expenses and/or the Service Awards to the Class Representatives, and of the associated deadlines to opt out or object.

Settlement Class members who choose to opt out must submit a written request for exclusion, which must be postmarked no later than 45 days following the Notice Date, (defined as the date 14 days after the entry of this Order), which deadline shall be set forth in the Summary Notice and on the Settlement Website. The written request shall include their name, email address, and mailing address together with the email address and mailing address associated with their Ikon Pass account. Any Settlement Class Member who does not submit a request to opt out in accordance with the deadlines and other requirements will be bound by the Settlement Agreement absent a court order to the contrary.

Settlement Class Members who wish to object to the Settlement must submit electronically or by mail a written objection, postmarked no later than 45 days following the Notice Date. Objections must be served on the Settlement Administrator by the stated deadline. Any objections must include (i) the name of the Lawsuit (*Kramer v. Alterra Mountain Co. and Ikon Pass Inc.*, Case No. 1:20-cv-01057-RM-SKC (D. Colo.)); (ii) the Class Member's full name and current address and telephone number; (3) the specific reasons for the Class Member's objection; (4) any evidence and supporting papers (including, but not limited to, all briefs, written evidence, and declarations) that the Class Member wants the Court to consider in support of his or her objection; and (5) the Class Member's signature. Class Members submitting objections who wish to appear either personally or through counsel at the Fairness Hearing and present their objections to the Court orally must include a written statement of intent to appear at the Fairness Hearing in the manner prescribed by the Summary Notice.

No person who has opted out of the Settlement Agreement may object to it. Any Settlement Class Member who does not provide a timely written objection or who does not make a record of his or her objection at the Final Fairness Hearing shall be deemed to have waived any objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement Agreement, Fee and Service Awards Application, or the Fee and Expense Award or Service Awards.

### G.    Attorney Fees and Costs, and Service Awards

The Settlement Agreement contemplates Class Counsel petitioning the Court for attorney fees, as well as documented, customary costs incurred by Class Counsel. The Settlement Agreement provides that Class Counsel may seek up to $2,872,000.00 for attorney fees and costs. This amount represents approximately only 16.4% of the $17.5 million value of the total Pass Credits automatically available to class members. Class Counsel also may petition the Court for up to $3,500.00 for each of the remaining Class Representatives as Service Awards as compensation for their time and effort in the Action.[3]

Alterra's payment of fees and costs to Class Counsel, and service awards to the Class Representatives, is entirely separate and apart from the benefits provided to the Settlement Class and will have no impact on the recovery received by Settlement Class Members.

On or before 30 days after the Notice Date, Class Counsel will file a petition for attorney fees and costs explaining why the requested Fee and Expense Award is reasonable.

---

[3] Plaintiff Joseph Panganiban is not a member of the Settlement Class and has not asked to be appointed as a Class Representative.

III.    **ANALYSIS**

A.    **Legal Standards**

"Courts engage in a two-step process to ensure the fairness of any class action settlement." *Rhodes v. Olson Assocs., P.C.*, 308 F.R.D. 664, 666 (D. Colo. 2015) (citing Newberg on Class Actions § 13:12 (5th ed.)). At this first, preliminary stage, the Court is "to determine whether notice of the proposed settlement should be sent to the class, not to make a final determination of the settlement's fairness. Accordingly, the standard that governs the preliminary approval inquiry is less demanding than the standard that applies at the final approval phase." *Id.* (citing Newberg on Class Actions § 13:13); *see also Lucas v. Kmart Corp.*, 234 F.R.D. 688, 693 (D. Colo. 2006) ("The purpose of the preliminary approval process is to determine whether there is any reason not to notify the class members of the proposed settlement and to proceed with a [final] fairness hearing."). Preliminary approval "is at most a determination that there is probable cause to submit the proposal to class members." *See Suaverdez v. Circle K Stores, Inc.*, 2021 WL 4947238, at *2 (D. Colo. June 28, 2021).

1.    *Rule 23 Class Certification*

A party seeking class certification must show first show the existence of the four threshold requirements of Rule 23(a). *Shook v. El Paso Cnty.*, 386 F.3d 963, 971 (10th Cir. 2004); *see also Vallario v. Vandehey*, 554 F.3d 1259, 1267 (10th Cir. 2009). These requirements are: "(1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). These requirements are frequently referred to as numerosity, commonality, typicality, and adequacy of representation. *Harper v. C.R. England, Inc.*, 746 F. App'x 712, 720 (10th Cir. 2018).

In the Court's Rule 23 analysis, "[a]lthough the party seeking to certify a class bears the burden of proving that all the requirements of Rule 23 are met . . . the district court must engage in its own rigorous analysis of whether the prerequisites of Rule 23(a) have been satisfied." *Shook*, 386 F.3d at 968 (quotation marks and citations omitted). The court must accept the substantive allegations of the complaint as true and may consider the legal and factual issues presented by the plaintiff's complaint. *Id.*

Once a plaintiff has met the Rule 23(a) threshold requirements, it must then show that the action falls within one of the three categories of suits set forth under Rule 23(b). *Vallario*, 554 F.3d at 1267. In this case, the Parties seek certification under Rule 23(b)(3) (*see* ECF No. 179). Rule 23(b)(3) lays out four matters the Court considers before certifying such a class. Fed. R. Civ. P. 23(b)(3)(A)-(D). Specifically, the Court must consider:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

*Id.*

However, where the Court is certifying a class for settlement purposes, Rule 23(b)(3)(D) need not be considered. *Harper*, 746 F. App'x at 720 (citing *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 520 (1997)).

### 2.    Notice to the Class

Both due process and the Federal Rules of Civil Procedure require that once a Class is certified, notice be given to any member who would be bound by the result of the action. *DeJulius v. New England Health Care Employees Pension Fund*, 429 F.3d 935, 943 (10th Cir.

2005). Pursuant to Fed. R. Evid. 23(c)(2)(B), "a class proposed to be certified for purposes of settlement under Rule 23(b)(3)," must receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." The notice must inform the class members of (1) the nature of the action; (2) the definition of the class certified; (3) the class claims, issues, or defenses; (4) that a class member may enter an appearance through counsel if he or she wishes to do so; (5) that the Court will exclude from the class any member who requests to be excluded; (6) the time and manner for requesting exclusion; and (7) the binding effect of a class judgment on the members of the class. *Id.* "The legal standards for satisfying Rule 23(c)(2)(B) and the constitutional guarantee of procedural due process are coextensive and substantially similar." *DeJulius*, 429 F.3d at 944. "An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950).

### 3.   *Preliminary Approval of Agreement*

Under F.R.C.P. 23(e)(2), a class action settlement must be "fair, reasonable and adequate." In analyzing whether this standard is preliminarily met, Courts in this Circuit use the following factors as a "useful guide": "(1) whether the proposed settlement was fairly and honestly negotiated; (2) the judgment of the parties that the settlement is fair and reasonable; (3) whether serious questions of law and fact exist, placing the ultimate outcome of the litigation in doubt; and (4) whether the value of an immediate recovery outweighs the mere possibility of future relief after protracted and expensive litigation." *Rhodes*, 308 F.R.D. at 667 (citing *Rutter & Wilbanks Corp. v. Shell Oil Co.*, 314 F.3d 1180, 1188 (10th Cir. 2002). While the Court may

not be required to delve deeply into these factors at the preliminary approval stage, if the parties do establish that these factors are met, "courts usually presume that the proposed settlement is fair and reasonable." *In re Crocs, Inc. Securities Litigation*, 2013 WL 4547404 at *10-11 (D. Colo. Aug. 28, 2013).

### B.    The Settlement Agreement is Preliminarily Approved

The Court finds, on a preliminary basis, that the Settlement Agreement appears to be within the range of reasonableness of a settlement that could ultimately be given final approval by this Court.

1.    Here, a preliminary review of the Settlement reveals the fairness, reasonableness, and adequacy of its terms.

2.    The parties engaged in hard-fought litigation of the issues, exchanged both formal and informal discovery, and vigorously negotiated the settlement over the course of several months, including with the assistance of an experienced and qualified mediator, negotiating attorney fees only after a deal was struck for class compensation. Thus, it appears to the Court that the Settlement was negotiated at arms' length. *See In re Samsung Top-Load Washing Machine Marketing, Sales Practices and Prods. Liability Litig.*, 997 F.3d 1077, 1091 (10th Cir. 2021) (affirming finding that negotiations were conducted at arm's length, after assuring class members would receive fair and reasonable compensation, comparing the amount of fees for class counsel and value of settlement, and considering the structure of the negotiation process, including whether the parties negotiated attorney fees only after reaching an agreement on class compensation). Further, there is no evidence of collusion or that the Class Counsel placed their interests above those of the Settlement Class in negotiating this Settlement. The material terms of the Settlement were agreed to prior to the Parties' discussion of attorney fees, costs, and

expenses, and any attorney fees, costs and expenses awarded will be in addition to the relief provided to Settlement Class Members under the Settlement Agreement.

3.      Settlement of this action will conserve judicial resources and well as resources of the Parties. In addition, the parties have actively litigated the legal issues and have exchanged substantial data to permit Class Counsel and the Court to thoroughly evaluate the Settlement Agreement against the risks and benefits of continued litigation.

4.      Based on review of the record, the manner of negotiation, and the Settlement Agreement, the Court concludes the Settlement is fair, adequate, and reasonable when balanced against the probable outcome of further litigation, liability, and damages, and the potential appeals of rulings. This is especially true when, as here, Defendants vigorously deny Plaintiffs' allegations. Through the Settlement Agreement, Settlement Class Members are entitled to and will automatically receive Pass Credits toward the purchase of a 2023/24 or 2024/25 Ikon Pass in amounts ranging from $10 to $150, based on the number of days they used their 2019/20 Ikon Pass. Those Settlement Class Members who do not wish to purchase a 2023/24 or 2024/25 Ikon Pass or otherwise do not want the Pass Credit may elect to receive a Lift Product Voucher, which provides a discount off qualifying single-day lift tickets in amounts ranging from 20% to 50% off, based on the number of days they used their 2019/20 Ikon Pass. These vouchers are fully transferrable and may be sold for profit. Section IV of the Settlement Agreement describes these tiered benefits in fuller detail.

5.      The Class Representatives and Class Counsel have adequately represented the proposed Settlement class. *See* Fed. R. Civ. P. 23(e)(2)(a). Class Counsel each have more than a decade of experience in complex litigation and class actions, and specific experience in COVID-19-related class actions. The Class Representatives also have supervised the litigation by

16

reviewing pleadings, regularly communicating with Class Counsel regarding the litigation, and providing substantive documents as part of discovery.

6.      It also appears to the Court that the terms of the proposed award of attorney fees and expenses, and service awards, are fair and reasonable. However, before final approval, Class Counsel shall file a separate motion seeking approval of attorney fees and expenses in an amount not to exceed $2,872,000, as well as of the service awards. In this submission, Class Counsel will set forth the specific legal and factual bases for their request for attorney fees and expenses.

**7.      The Court concludes that the Settlement Class Members should not be required to formally enter appearances or file notice with the Court in order to speak at the Final Fairness Hearing. Thus, the Court concludes that some changes will be necessary to the Notice Materials on that basis, which changes are set forth in subsection D, below.**

**C.      Certification of the Settlement Class for Settlement Purposes is Appropriate.**

On a motion for preliminary approval, the parties must also show that the Court "will likely be able to . . . certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B)(ii). For purposes of this proposed Settlement Agreement only, and pending final approval of the Settlement Agreement after a Final Fairness Hearing, the Court finds that the Settlement Class satisfies the requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure:

1.      For purposes of settlement only, the proposed Settlement Class is sufficiently numerous that joinder would be logistically impossible. The proposed Settlement Class consists of approximately ███ Settlement Class Members. Thus, the numerosity requirement is satisfied.

2.      For purposes of settlement only, there is a commonality of interest among the class members, including the following common questions of law and fact: (a) whether the

2019/20 Ikon Passes promised a certain length ski season that was not provided; (b) whether Alterra had a duty but failed to disclose that it would not issue refunds if the 2019/20 ski season ended in March 2020 because of a pandemic; (c) whether any such omission was material; (d) whether Alterra's alleged failure to provide a 2019/20 ski season of a certain length was discharged because of impossibility or impracticability; and (d) assuming liability, what legal or equitable remedies Plaintiffs would be entitled to. For the same reasons, the predominance requirement of Federal Rule of Civil Procedure 23(b)(3) is satisfied for settlement purposes.

3.      For purposes of settlement only, the Class Representatives' claims are typical of those of the Settlement Class Members. The Class Representatives' claims arise from the same alleged course of conduct as those of the Settlement Class Members. Thus, the typicality requirement is satisfied.

4.      For purposes of settlement only, a class action is a superior method of resolving the claims of the Settlement Class Members, which are of modest amounts.

**D.      The Proposed Notice Plan is Approved**

Due process under Rule 23 requires that class members receive notice of the settlement and an opportunity to be heard and participate in the litigation. Fed. R. Civ. P. 23(c)(2)(B); *See Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 812 (1985); *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 175–76 (1974) ("[I]ndividual notice must be provided to those class members who are identifiable through reasonable effort."). "Within the bounds of due process, the decision of whether to order such notice and the form that such notice is to take is left to the discretion of the district court." *In re Integra Realty Resources, Inc.*, 262 F.3d 1089, 1109 (10th Cir. 2001).

1.      It appears to the Court that the Notice Plan described above, and detailed in the Settlement Agreement, comports with due process, Rule 23, and all other applicable law. Here, adequate notice consists of email notice and mail notice where email addresses are unavailable,

which is the best practicable notice under the circumstances. *See Tennille v. Western Union Co.*, 785 F.3d 422, 440 (10th Cir. 2015) (finding that supplemental email and direct mail notices satisfied due process and Rule 23(e)); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 946 (9th Cir. 2015) (finding that notice satisfied due process and Rule 23(e) when an initial email notice was supplemented by a postcard notice to those whose emails bounced back).

      2.     In addition, under Rule 23(e), notice to class members "must generally describe the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." The court finds that, as modified (see number 4, below), the substance of the proposed Notice Materials fully apprises the Settlement Class Members of their rights. As modified, the Summary Notice contains all of the necessary information required to inform Settlement Class Members of their rights under the Settlement Agreement, and also directs them to the Settlement Website where they can obtain more detailed information. In addition, Settlement Class Members will be provided a toll-free number to call with questions. Thus, the Court finds that the proposed notice is fair and reasonable. That the costs of notice do not reduce amounts available to the class is further evidence that the notice is fair and reasonable.

      3.     The Court concludes that the Notice Materials and Notice Plan provide the necessary information for Settlement Class Members to make informed decisions regarding the proposed Settlement Agreement. Accordingly, the form and manner of notice proposed here fulfills all of the requirements of Rule 23 and due process.

      **The Court also concludes, however, that there are a few necessary changes to be made to the Notice Materials.** First, as mentioned in subsection B, above, the Summary Notice and the FAQ both inform any Settlement Class Member who wishes to object and speak at the

Final Fairness Hearing that he or she must file a written request with the Court and/or an entry of appearance. The Court declines to require such a formal procedure for Class Members who wish to speak at the Fairness Hearing. "Courts should be cautious of objection formats that unduly chill class members' capacity to object to a settlement . . . ." *Rhodes v. Olson Associates, P.C.*, 308 F.R.D. 664, 668 (D. Colo. 2015) (quoting Newberg on Class Actions § 13:30 (5th ed.)). That is because a "court's role is to safeguard the class's interest by ensuring that class members, most of whom are operating in good faith, receive the best opportunity possible to comprehend and respond to the proposed settlement." *Id*. The Court concludes that this condition may prove too difficult for lay class members, nor is such a Notice to the Court required under the Local Rules, and therefore this requirement should be removed from the Notice Materials before they are issued. The Court does conclude, however, that it is appropriate to require Class Members to notify the Settlement Administrator of their intent to speak at the Fairness Hearing. The Parties also suggest, and the Court will require, that any Settlement Class Member who intends to request permission to call witnesses at the Final Fairness Hearing so inform the Settlement Administrator, in writing, including a list of such witnesses and a summary of their requested testimony. Such a requirement is not currently included in the Notice Materials and should be added. Thus, the Court directs that the fourth paragraph on the back of the Summary Notice be modified as follows (strikethroughs indicate deleted language, underlines indicate added language):

> **How to make objections.** If you remain in the class, you can comment on or object to the proposed settlement, Class Counsel's fees, or Plaintiffs' service awards by mailing a written objection to the Settlement Administrator at the address on the reverse side. The fairness hearing will be held at the Court on [DATE/TIME]. You or your attorney (if you choose to hire one) may appear at the hearing by ~~filing or mailing a notice and entry of appearance with the Court~~ <u>notifying the Settlement Administrator by mail by</u> [45 DAYS AFTER NOTICE DATE] . . . .

The Court also directs that Question 24 on page 8 of the FAQ be modified as follows (strikethroughs indicate deleted language, underlines indicate added language):

> Yes.  You may ask ~~the Court~~ to speak at the Fairness Hearing.  To do so, you must mail ~~or file a written request to the Court~~ **notice of your intent to do so to the Settlement Administrator** stating that it is your "Notice of Intent to Appear at the Fairness Hearing in *Kramer v. Alterra Mountain Co. and Ikon Pass Inc.*, Case No. 1:20-cv-01057-RM-SKC".  You must include your name, address, telephone number, and signature.  If you plan to have your own attorney speak for you at the hearing, you must also include the name, address, and telephone number of the attorney who will appear on your behalf.  Your written Notice of Intent to Appear must be mailed ~~or filed with the Court~~ **to the Settlement Administrator** by [DATE 45 DAYS AFTER NOTICE DATE].  **If you intend to call witnesses at the Final Fairness Hearing you must also notify the Settlement Administrator in writing by [DATE 45 DAYS AFTER NOTICE DATE] and you should include a list of any witnesses you will call and a summary of their requested testimony.**

Second, the FAQ informs Class Members that the Final Fairness Hearing "may be continued or rescheduled by the Court **without further notice to the Settlement Class**." (ECF No. 131, Exhibit B.) In the Court's view, it is minimally burdensome to require the Settlement Administrator to post updates to the hearing schedule on the Settlement Website. Thus, the Court directs that Question 22 on page 7 of the FAQ be modified as follows (strikethroughs indicate deleted language, underlines indicate added language):

> The Court will hold a Fairness Hearing on [DATE] at [TIME], at the U.S. District Court for the District of Colorado, located at the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, Courtroom A601, to consider whether the Settlement is fair, adequate, and reasonable, and whether it should be finally approved.  If there are objections, the Court will consider them.  The Court will listen to people who have asked to speak at the hearing (*see* Question 24).  The Court may also decide the amount of fees, costs and expenses to award Class Counsel and the payment amount to the Class Representatives.  This hearing may be continued or rescheduled by the Court ~~without further notice to the Settlement Class~~.  **If that happens, notice of the new hearing date will be posted on the Settlement Website at [www.WEBSITE.com].**

Third, the Court observes two typos in the Summary Notice, at least one of which may prove confusing to Class Members. On the front of the postcard (the side that includes each Class Member's name and address) the Court notes that there are two periods after "COVID-19." One should be removed. The statement also Summary Notice also refers Settlement Class Members to the Settlement Website "to obtain more complete information about **covered models**, the proposed settlement, and your rights." (ECF No. 131, Exhibit C.) As there are no product models involved in this case the Court concludes that this sentence should be revised to indicate that Class Members can obtain additional information about eligible passholders. The Court directs that the front of the Summary Notice should be modified as follows, (strikethroughs indicate deleted language, underlines indicate added language):

> A proposed settlement has been reached in a class action against Alterra seeking money back for the 2019-220 Ikon Passes and Ikon Base Passes ("2019/20 Ikon Passes") because of ski resort closures in March 2020 due to COVID-19~~.~~ This notice summarizes your legal rights.  You should visit [www.WEBSITE.co] to obtain more complete information about ~~covered models~~ **<u>which passes are covered</u>**, the proposed settlement, and your rights. You also can write to the Settlement Administrator at the address on the reverse side, or call [1-800-NUMBER] to have a Claim Form mailed to you.

Fourth, the Court notes another typo on the first page of the Claim Form (ECF No. 131, Exhibit A.) In the second paragraph on the first page of the Claim Form it currently states "If you wish to receive the Ikon Pass Credit instead of **the Ikon Pass Credit**, there is no need to fill out this Claim Form . . . ." The second reference to the Ikon Pass Credit should be amended to refer to "**a Lift Product Voucher**."

### E.     The Class Counsel and Class Representatives are Appointed

1.     As the Court previously noted, the proposed Class Representatives' claims are typical of those of the Settlement Class, and the proposed Class Representatives have been engaged in hard-fought litigation. The Parties represent that each of the Class Representatives

were willing to participate in discovery, to be deposed, and to testify at trial, and were attentive and responsive to Counsel.

2.      The Court concludes that the proposed Class Representatives have fairly and adequately protected the interests of the Class and that there is no indication that any of the proposed Class Representatives have any conflict with other members of the Class.

3.      Accordingly, the Court appoints Plaintiffs Timothy Goodrich, Nolte Mehnert, George T. Farmer, Erik Ernstrom, W. Walter Layman, Bradley Briar, and Keri Reid as Class Representatives for the Settlement Class in this Action.

4.      For purposes of settlement only, the Court also affirms the determinations it made in its Order appointing Interim Co-Lead Class Counsel. (ECF No. 64.) The Court finds that the proposed Class Counsel have expended significant effort already representing the Class in this case, and they are competent and capable of exercising their responsibilities. They are knowledgeable regarding the applicable law and experienced in handling these sorts of complex class action matters.

5.      Therefore, the Court appoints Yeremey Krivoshey and Scott Bursor of Bursor & Fisher, P.A. and Jonas Jacobson, Simon Franzini, Gregory Dovel, and Julien Adams of Dovel & Luner LLP as Co-Class Counsel for the Settlement Class.

### F.      The Settlement Administrator is Appointed

1.      Having reviewed the declaration of Angeion's President and Chief Executive Officer, Steven Weisbrot, (ECF No. 125-2), the Court is satisfied that Angeion would be a competent Settlement Administrator. Angeion has extensive experience administering large class settlements. Furthermore, it has set out a plan for how it will comprehensively manage the notice process in this case in order to ensure that as many Settlement Class Members as possible will

have an opportunity to consider the Settlement Agreement and the opt-out if they so choose. For these reasons, the Court approves Angeion as the Settlement Administrator.

### G.     The Final Fairness Hearing is Set

The Court will hold a Final Fairness Hearing on **January 19, 2023 at 10:00 a.m.**, in the Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, CO 80294, Courtroom A601.

## IV.    SCHEDULE AND PROCEDURES

The Court orders the following schedule and procedures for disseminating the Notice, requesting exclusion from the Settlement Class, objecting to the Settlement, filing the Fee and Service Award Application, and filing the motion for final approval:

| Date | Event |
|---|---|
| 14 days after entry of the Preliminary Approval Order ("Notice Date"). | Settlement Administrator to launch Settlement Website and cause Summary Notice to be e-mailed to Settlement Class Members. Promptly thereafter the Settlement Administrator will mail copies to any Settlement Class Members for whom no email can be ascertained. |
| 14 days after the Notice Date | Parties will file a Notice of Compliance with the Court in which they will inform the Court of how many emails were sent in both the first and second rounds of emailing, how many bounced back in both rounds, and how many notices were sent by mail. |
| 30 days after the Notice Date. | Deadline for Class Counsel to file a Fee and Service Award Application and to post a copy of that Application on the Settlement Website. |
| 45 days after the Notice Date. | Deadline to request exclusion, submit objections, and/or file notice of intention to appear at Final Fairness Hearing. |
| 60 days after Notice Date, at least 14 days before the Final Fairness Hearing. | Deadline to file motion for final approval, for the Parties or the Settlement Administrator to file a list of all exclusions, objections, and all Class Members who intend to appear at the Final Fairness Hearing, and for Class Counsel to file a reply, if any, in support of their Fee Application. |
| 90 days after Notice Date | Deadline for Class Members to submit claims. |
| January 19, 2023 | Final Fairness Hearing. |

## V.    FINAL FAIRNESS HEARING

The Court will hold a Final Fairness Hearing on January 19, 2023, at 10:00 a.m. in Courtroom A601 of the Alfred A. Arraj United States Courthouse for the United States District Court, District of Colorado, 901 19th Street, Denver, Colorado 80294, to determine the fairness, reasonableness, and adequacy of the Settlement Agreement, and to determine whether the proposed Settlement should be finally approved, and final judgment entered. At the Final Fairness Hearing, the Court will also consider Class Counsels' Motion for Approval of Attorney Fees and Expenses and Class Representative Service Awards. Any Class Member who follows the procedures set forth in the Notice Materials may appear and be heard at the Final Fairness Hearing. If the Court continues or reschedules the Final Fairness Hearing for any reason, the Parties shall post a notice of such change, as well as the date of the newly-scheduled Final Fairness Hearing, on the Settlement Website.

## VI.    OTHER PROVISIONS

Class Counsel and Alterra are authorized to take, without further Court approval, all necessary and appropriate steps to implement the Settlement Agreement, including the proposed Notice Plan and confirmatory discovery. The deadlines set forth in this Order may be extended by Order of the Court without further notice to Settlement Class Members, except that notice shall be posted on the Settlement Website. Settlement Class Members should check the Settlement Website regularly for updates and further details regarding the deadlines. Exclusions and objections must meet the deadlines and follow the requirements set forth in the approved Notice Materials to be valid, although the Court will accept exclusions and objections deemed to be in substantial compliance.

If for any reason the Court does not execute and file an Order of Final Approval, or if the Effective Date does not occur for any reason, the parties will be restored to the *status quo ante* as set forth more specifically in the Settlement Agreement.

Pending final approval, no Class Member, directly, representatively, or in any other capacity (other than a Class Member who validly and timely elects to be excluded from the Settlement Class), shall commence, continue, or prosecute against Alterra, or any of the Defendants, any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released upon final approval pursuant to the Settlement Agreement, and are hereby enjoined from so proceeding. Upon final approval, all Settlement Class Members who have not previously filed a timely request for exclusion shall be forever enjoined and barred from asserting any of the matters, claims, or causes of action released pursuant to the Settlement Agreement, and any such Settlement Class Members will be deemed to have forever released any and all such matters, claims, and causes of action as provided for in the Settlement Agreement.

In addition, all proceedings in the Consolidated Cases, other than those undertaken in connection with the Settlement Agreement, are hereby stayed.

## VII.   CONCLUSION

Based on the foregoing analysis and all the files, records, and proceedings herein, and in accordance with the foregoing, the Court:

1.  **FINALLY CERTIFIES** the following Settlement Class for settlement purposes only pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure:

    all persons in the United States and its territories who (a) purchased any form of Ikon Pass for the 2019/20 season; or (b) received as a gift, from a donor meeting those requirements, any form of Ikon Pass not used by the donor or by anyone else after the donor purchased the Ikon Pass and before the donor gave the Ikon Pass to the

Settlement Class Member; and who used their Ikon Pass for mountain access to any Ikon Resort on one or more days on or before March 15, 2020.

Each Settlement Class Member must have been either (c) a primary Ikon Pass holder; or (d) an Ikon Pass holder associated with a primary Ikon Pass holder's account (e.g., family or other household member), on or before March 15, 2020;

2. **APPOINTS** Plaintiffs Timothy Goodrich, Nolte Mehnert, George T. Farmer, Erik Ernstrom, W. Walter Layman, Bradley Briar, and Keri Reid as Class Representatives;

3. **APPOINTS** Bursor & Fisher, P.A. and Dovel & Luner LLP as Class Counsel;

4. **APPROVES** Angeion Group as the Settlement Administrator;

5. **ORDERS** Alterra to provide the Settlement Class Member List, including email addresses, to the Settlement Administrator, who is **ORDERED** to follow the provisions set forth in the Settlement Agreement, and the Notice Materials **as modified**, with respect to Notice;

6. **APPROVES** the Notice Plan and the Notice Materials **as modified** and set forth above;

7. **PRELIMINARILY APPROVES** the Settlement Agreement;

8. **ORDERS** that fourteen (14) days after the Notice Date, the Parties shall file a Notice of Compliance with the Court, in which they shall include the number of emails sent in both the first and second phases of the notification process, as well as the number of emails that were undeliverable, and the number of physical copies sent by mail;

9. **ORDERS** that the Final Fairness Hearing will be held on January 19, 2023, at 10:00 a.m.; and

10. **ORDERS** that the Parties shall file a Motion for Final Approval sixty (60) days after

the Notice Date and at least fourteen (14) days before the Final Fairness Hearing.

**IT IS SO ORDERED.**

DATED this 20th day of September, 2022.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge